# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) Cynthia Lakey and Douglas Lakey, )
As co-Special Administrators for the )
Estate of Jared Lakey )
)
)
)
)
                 Plaintiffs, )
)
vs. )   Case No. 20-CV-00152-RAW
)
(2) City of Wilson )
(3) Joshua Taylor, in his official )
   And individual capacities )
(4) Brandon Dingman, in his individual )
   Capacity )
(5) Chris Bryant, in his official and )
   Individual capacity as Sheriff of )
   Carter County, )
(6) David Duggan, in his individual capacity, )
(7) Frank Shaaf, in his individual and )
   Official capacity, )
(8) Lone Grove, )
(9) Terry Miller, in his individual )
   Capacity )
)
)
                 Defendants )

## ANSWER OF DEFENDANTS JOSHUA TAYLOR AND BRANDON DINGMAN TO PLAINTIFFS' THIRD AMENDED COMPLAINT

COME NOW Defendants, Joshua Taylor and Brandon Dingman, individually, by and through their attorney of record, Scott B. Wood, and in answer to Plaintiff's Third Amended Complaint, hereby denies each and every allegation set forth therein, except for those material allegations admitted herein, alleges and states as follows:

1. Defendants admit the allegations of paragraph 1 of Plaintiffs' Third Amended Complaint.

2. The allegations contained in paragraph 2 are not directed toward these answering Defendants and therefore no response is required.

3. Defendants admit the allegations of paragraph 3 of Plaintiffs' Third Amended Complaint.

4. The allegations contained in paragraphs 4, 5, 6, 7, 8 and 9 are not directed toward these answering Defendants and therefore no response is required.

5. Defendants deny the allegations contained in paragraphs 10, 11, 12, and 13 of Plaintiffs' Third Amended Complaint.

6. Defendants are without sufficient information to for a belief as to the allegations contained in paragraphs 14 and 15, as stated, and therefore, deny the same.

7. Defendants admit the allegations of paragraph 16 of Plaintiffs' Third Amended Complaint.

8. Defendants admit Dingman was a reserve officer on July 4-5, 2019, but deny he was promoted following Lakey's death, as alleged in paragraph 17.

9. Defendants admit the allegations contained in paragraphs 18 and 19.

10. The allegations contained in paragraphs 20, 21, 22, 23, 24, 25, 26, 27, and 28 are not directed toward these answering Defendants and therefore no response is required.

11. Defendants admit the allegations contained in paragraphs 29 and 30.

12. In response to paragraph 31, Defendant adopts all answers to paragraphs 1 – 30 as if fully set forth below.

13. Defendants admit the allegations of paragraph 32 of Plaintiffs' Third Amended Complaint.

14. Defendants are without sufficient information to form a belief as the the allegations contained in paragraph 33, and therefore deny the same.

15. Defendants admit the allegations contained in paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44.

16. Defendants deny the allegations contained in paragraph 45.

17. Defendants admit the allegations contained in paragraphs 46, 47, 49, 50, 54, 55, 56, 57, 58, 59, 60, 61, and 62.

18. Defendants deny the allegations contained in paragraph 48, 51, 52, 53, 63, 66, 67, 68 and 69.

19. Defendants admit the allegations contained in paragraphs 70, 71, 72, 75, 77, 78, 79, 80 and 81.

20. Defendants deny the allegations contained in paragraphs 73 and 76.

21. Defendants admit Dingman placed his foot on Lakey's back as alleged in paragraph 74 but denies the remaining allegation in paragraph 74.

22. Defendants deny the allegations contained in paragraphs 82, 83, 84, and 85.

23. Defendants admit the allegations contained in paragraphs 86, 87, 88, 89, 90, 91, 94 and 95.

24. Defendants deny the allegations contained in paragraph 92.

25. Defendants are without sufficient information to for a belief as to the allegations contained in paragraph 93, and therefore deny the same.

26. Defendants deny the allegations contained in paragraphs 96, 97, 98, 99, 100, 101, 102, 104, 105, 106, and 107.

27. Defendants admit the allegations contained in paragraph 103.

28. Defendants admit the allegations contained in paragraphs 108, 109, and 113.

29. Defendants deny the allegations contained in paragraphs 110, 111, 112, 114, 115, 116, 117, 118, 119, and 120.

30. Defendants admit the allegations contained in paragraphs 121, 122, 123, and 129.

31. Defendants deny the allegations contained in paragraphs 124, 125, 126, 127, 128, 130, and 131.

32. Defendants deny the allegation contained in paragraph 132 that the force was excessive, but admit the remaining allegations contained in paragraph 132.

33. Defendants deny the allegations contained in paragraphs 133, 137, 138, 139, 140 and 141.

34. Defendants admit the allegations contained in paragraphs 134, 135, and 136.

35. Defendants deny the allegations contained in paragraphs 142, 144, 146, 147, 148, 152, 153, 154, and 155.

36. Defendants admit the allegations contained in paragraphs 143, 145, 149, 150, and 151.

37. Defendants admit the allegations contained in paragraphs 156 and 162.

38. Defendants deny the allegations contained in paragraphs 157 and 158.

39. Defendants are without sufficient information to form a belief in the allegations contained in paragraphs 159, 160, 161, 163, 164, 165, 166, 167, 168, 169, 170, and 171, and therefore deny the same.

40. Defendants admit the allegations contained in paragraphs 172 and 173.

41. Defendants deny the allegations contained in paragraphs 174, 175, 176, 177 and 178.

42. The allegations contained in paragraphs 179, 180, 181, 182 and 184 are not directed toward these answering Defendants, and therefore, no response is required.

43. Defendants admit the allegations contained in paragraphs 183, 185, 186, 187, 188, and 192.

44. Defendants deny the allegations contained in paragraphs 189, 191, 193, 194, 195, 198, 200, 201, 202 and 203.

45. Defendants admit the allegations contained in paragraphs 196, 197, 199, 204, 205, 206, and 207.

46. Defendants deny the allegations contained in paragraphs 208 and 209.

47. Defendants admit the allegations contained in paragraphs 210, 211 and 212.

48. Defendants deny the allegations contained in paragraphs 213, 214, 215, 216, 217 and 218.

49. Defendants admit a video shows Jared seated on the ground as alleged in paragraph 219 but deny the remaining allegations in that paragraph.

50. Defendants admit the allegations contained in paragraphs 220, 221, 222, 223 and 224.

51. Defendants are without sufficient information to form a belief as to the allegations contained in paragraphs 225, 226, 227 and 228 and therefore deny the same.

52. Defendants admit the allegations contained in paragraphs 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, and 240.

53. Defendants are without sufficient information to form a belief as to the allegations contained in paragraphs 241, 242 and 243 and therefore deny the same.

54. The allegations contained in paragraphs 244 through 256 are not directed to these answering Defendants, and therefore require no response.

55. Defendants admit the allegations contained in paragraphs 257, 258, 259, 260, 262 and 263.

56. Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 261 and therefore deny the same.

57. Defendants admit Dingman had his hand on Jared's upper back as alleged in paragraph 264, but denies the remaining allegation contained in that paragraph.

58. Defendants deny the allegations contained in paragraph 265.

59. Defendants admit Duggan slapped Jared's back as alleged in paragraph 264, but deny the other allegations contained therein.

60. Defendants deny the allegations contained in paragraphs 267, 268, 269, 270, and 271.

61. Defendants admit the allegations contained in paragraphs 272, 273, and 280.

62. Defendants deny the allegations contained in paragraphs 274, 275, 276, 277, 278, 279, 281, 282, 283, 284, 286, and 296.

63. Defendants admit the allegations contained in paragraphs 285, 287, 288, 289, 290, 291, 292, 294, 297, 298, 299, 303, 304, 306, 309, 310 and 311.

64. Defendants deny the allegations contained in paragraphs 300, 301, 312, 313, 314, 315, 316, 319, 320, 323, 325, 326 and 327.

65. Defendants are without sufficient information to form a belief as to the allegations contained in paragraphs 317 and 318 and therefore deny the same.

66. Defendants are without sufficient information to form a belief as to the allegations contained in paragraphs 328, 329, 330, 331and 332 and therefore deny the same.

67. Defendants deny Dingman was promoted when he became a full-time officer as alleged in paragraph 333.

68. The allegations contained in paragraphs 334 through 346 are not directed toward these answering Defendants and therefore no response is required.

69. Paragraph 347 is a legal conclusion and therefore no response is required.

70. Defendants admit the allegation contained in paragraphs 348, 349, 350, and 351.

71. Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 352 and therefore deny the same.

72. In response to paragraph 353, Defendants adopt all answers to paragraphs 1-352 as if fully set forth here.

73. Defendants deny the allegations contained in paragraphs 354 and 355.

74. The allegations contained in paragraphs 356 through 359 are not directed toward these answering Defendants and therefore no response is required.

75. Defendants deny the allegations contained in paragraph 360.

76. In response to paragraph 361, Defendants adopt all answers to paragraphs 1-360 as if fully set forth here.

77. Defendants deny the allegations contained in paragraphs 362 and 363.

78. In response to paragraph 364, Defendants adopt all answers to paragraphs 1-363 as if fully set forth here.

79. Defendants deny the allegations contained in paragraphs 366, 367, 368, and 369.

80. In response to paragraph 370, Defendants adopt all answers to paragraphs 1-369 as if fully set forth here.

81. Defendants deny the allegations contained in paragraphs 371, 372 and 373.

82. The allegations contained in paragraphs 374 through 381 are not directed toward these answering Defendants and therefore no response is required.

83. Defendants deny the allegations contained in paragraph 382.

84. Defendants admit Jared Lakey was 28 and employed at Cimarron Trailers at the time of his death as alleged in paragraph 383. Defendants deny the remaining allegations in that paragraph.

85. In response to paragraph 384, Defendants adopt all answers to paragraphs 1-383 as if fully set forth here.

86. Defendants deny the allegations contained in paragraphs 385, 386, 387 and 388.

87. In response to paragraph 389, Defendants adopt all answers to paragraphs 1-388 as if fully set forth here.

88. The allegations contained in paragraphs 390, 391, and 392 are not directed toward these answering Defendants and therefore no response is required.

89. Defendants deny the allegations contained in paragraphs 393 and 394.

90. The allegations contained in paragraphs 396, 397, 398, 399, 400 and 401 are not directed toward these answering Defendants and therefore no response is required.

91. Defendants deny the allegations contained in paragraph 402, 404, 406, 408 and 410.

## **AFFIRMATIVE DEFENSES**

1. The Plaintiffs have failed to state a cause of action upon which relief can be granted against these answering Defendants.

2. Defendants Taylor and Dingman affirmatively states that no constitutional violation took place. Therefore, there can be no liability on them.

3. All actions by Defendants Taylor and Dingman were objectively reasonable and in good faith.

4. Defendants affirmatively state that the injuries, damages or losses sustained by Plaintiff's decedent were solely and proximately caused by his own wrongful and criminal conduct.

5. Defendants affirmatively states that they had reasonable suspicion or probable cause for any and all actions taken by them, and that they acted at all times objectively reasonable and in good faith.

6. Defendants Taylor and Dingman are entitled to qualified immunity.

7. Defendants Taylor and Dingman affirmatively state that at all times relative to the claims made by Plaintiffs, they acted solely in their capacity as police officers for the City of Wilson.

8. Defendants affirmatively plead indemnity, contribution, and offset.

9. Defendants reserve the right to amend their answer and add affirmative defenses as discovery continues.

WHEREFORE, having fully answered the Plaintiff's Third Amended Complaint, Defendants Joshua Taylor and Brandon Dingman pray that the Plaintiffs take nothing by virtue of their complaint and that these Defendants be granted judgment against the Plaintiffs for all costs of defending this action, including a reasonable attorney's fee.

**JURY TRIAL DEMANDED**

Respectfully submitted,

/s/ Scott B. Wood
Scott B. Wood, OBA 12536
WOOD, PUHL & WOOD, P.L.L.C.
2409 E. Skelly Drive, Suite 200
Tulsa, Oklahoma 74105
*Tel* (918) 742-0808 / *Fax* (918) 742-0812
*Attorneys for Joshua Taylor and Brandon Dingman*

**CERTIFICATE OF SERVICE**

This is to certify that on November 14, 2021, I electronically transmitted the foregoing document to the following ECF registrants:

J. Spencer Bryan
Wellon Poe
Thomas LeBlanc
Jessica Dark
Randall Wood
Eric D. Janzen

/s/ Scott B. Wood
Scott B. Wood