**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1)** | **CYNTHIA LAKEY AND DOUGLAS LAKEY,** ) | |
| | **as co-Special Administrators for the** ) | |
| | **Estate of Jared Lakey,** ) | |
| | ) | |
| | **Plaintiffs,** ) | |
| **v.** | ) | **Case No. 20-CV-152-RAW** |
| | ) | |
| **(2)** | **CITY OF WILSON,** ) | |
| **(3)** | **JOSHUA TAYLOR, in his official  and** ) | |
| | **individual capacities,** ) | |
| **(4)** | **BRANDON DINGMAN, in his individual** ) | |
| | **capacity,** ) | |
| **(5)** | **CHRIS BRYANT, in his official and** ) | |
| | **individual capacity as Sheriff of Carter County,** ) | |
| **(6)** | **DAVID DUGGAN, in his individual capacity,** ) | |
| **(7)** | **LONE GROVE,** ) | |
| **(8)** | **TERRY MILLER, in his individual capacity,** ) | |
| **(9)** | **KEVIN COOLEY, in his official and** ) | |
| | **individual capacity,** ) | |
| | ) | |
| | **Defendants.** ) | |

**RESPONSE OF DEFENDANTS CITY OF WILSON AND
CHIEF KEVIN COLEY TO PLAINTIFFS' MOTION FOR SANCTIONS**

COME NOW Defendants City of Wilson and Kevin Coley and, pursuant to Fed. R. Civ.

Proc. 11 and Local Rule 7.1, hereby submit this Response to Plaintiffs' Motion for Sanctions.

<div style="margin-left:40%;">

Respectfully submitted,
Thomas A. LeBlanc, OBA #14768
tleblanc@bestsharp.com
Jordan L. Berkhouse, OBA #33835
jberkhouse@bestsharp.com
**BEST & SHARP**
Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
*Attorneys for Defendants City of Wilson
and Kevin Coley*

</div>

January 21, 2022

# <u>TABLE OF CONTENTS</u>

I.   FACTUAL BACKGROUND ..............................................................................1

    A.   Plaintiffs' Allegations ................................................................................1

    B.   Plaintiffs' "Notice of Intent to Pursue Rule 11 Sanctions"........................3

    C.   Defendants' Response ................................................................................4

    D.   Plaintiffs' Proposed Resolution .................................................................5

    E.   Defendants' Rejection of Plaintiffs' Proposed Resolution .......................5

II.  ARGUMENTS AND AUTHORITIES...............................................................6

    A.   PLAINTIFFS' MOTION FOR SANCTIONS SHOULD BE DENIED BECAUSE PLAINTIFFS' COUNSEL DID NOT FOLLOW THE APPROPRIATE RULE 11 SAFE HARBOR PROCESS ......................................6

    B.   PLAINTIFFS' MOTION FOR SANCTIONS SHOULD BE DENIED BECAUSE DEFENDANTS' SUBMISSIONS WERE OBJECTIVELY REASONABLE (AND TRUE AND ACCURATE) ..............................................9

        1.   Plaintiffs Have Failed to Identify Any "Pleading, Written Motion, [or] Other Paper" That Was Filed in Violation of Rule 11 ........................................................................................12

        2.   The Affidavits Were True and Accurate ...................................13

    C.   THE COURT SHOULD AWARD FEES AND COSTS TO DEFENDANT CITY OF WILSON AND CHIEF COLEY FOR BEING REQUIRED TO PARTICIPATE IN THIS RULE 11 PROCESS ..................................................15

        1.   Plaintiffs' Motion for Sanctions was an Unreasonable Use of the Rule 11 Process .................................................................15

III. CONCLUSION......................................................................................................17

# **TABLE OF AUTHORITIES**

## **Case Law**

*Adamson v. Bowen,*
  855 F.2d 668 (10th Cir. 1988) ...................................................................................11, 12

*Brown v. Eppler,*
  794 F. Supp. 2d 1238 (N.D. Okla. 2011) .............................................................................7

*Cannon v. Cherry Hill Toyota, Inc.,*
  190 F.R.D. 147 (D.N.J. 1999).............................................................................................16

*Coffey v. Healthtrust, Inc.,*
  955 F.2d 1388 (10th Cir. 1992) .........................................................................................11

*Cooter & Gell,*
  110 S. Ct. 2447 (1990).......................................................................................................11

*Dowling v. General Motors, LLC.,*
  333 F.R.D. 534 (D. Colo. 2019) ..........................................................................................8

*E. Gluck Corp. v. Rothenhaus,*
  252 F.R.D. 175 (S.D.N.Y. 2008) .......................................................................................15

*Koar v. United States,*
  1997 WL 1038181 (S.D.N.Y. 1997)...................................................................................15

*McCoy v. West,*
  965 F. Supp. 34 (D. Colo. 1997) .........................................................................................7

*Mellott v. MSN Commc'ns, Inc.,*
  492 Fed. Appx. 887 (10th Cir. 2012)...................................................................................6

*Nakash v. U.S. Dep't of Just.,*
  708 F. Supp. 1354 (S.D.N.Y. 1988)..................................................................................9, 16

*Oliveri v. Thompson,*
  803 F.2d 1265 (2d Cir. 1986) ............................................................................................12

*Roth v. Green,*
  466 F.3d 1179 (10th Cir. 2006) ...........................................................................................7

*Storey v. Cello Holdings, L.L.C.,*
  347 F.3d 370 (2d Cir. 2003) ..............................................................................................12

*Thomason v. Norman E. Leher, P.C.*,
    182 F.R.D. 121 (D.N.J. 1998)............................................................................16

**Statutes**

Fed. R. Civ. Proc. 5   ....................................................................................7, 8

Fed. R. Civ. Proc. 11  ................................1, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

11 O.S. § 9-118        ................................................................................4, 13

**Other**

Local Rule 7.1(f)................................................................................8

§ 1337.2 Procedural Aspects of Rule 11 Motions—The Safe Harbor Provision,
    5A Fed. Prac. & Proc. Civ. § 1337.2 (4th ed.)....................................7

**RESPONSE OF DEFENDANTS CITY OF WILSON AND**
**CHIEF KEVIN COLEY TO PLAINTIFFS' MOTION FOR SANCTIONS**

COME NOW Defendants City of Wilson and Chief Kevin Coley and, pursuant to Fed. R. Civ. Proc. 11 and Local Rule 7.1, hereby submit this Response to Plaintiffs' Motion for Sanctions. Defendants request the Court deny Plaintiffs' Motion for Sanctions.  In addition, Defendants request the Court award them fees and costs – and against Plaintiffs' counsel – for being required to participate in this sham Rule 11 process.  Plaintiffs' Motion is without factual or legal support and, frankly, appears to be an act of evidentiary desperation on the part of Plaintiffs' counsel. Because Plaintiffs lack any basis for their assertion that Officer Taylor was the final policymaker for the City of Wilson, Plaintiffs instead ask the Court to make that determination as a "sanction" under Rule 11.  In the process, Plaintiffs' Motion willfully and recklessly misstates the true facts related to this matter and, perhaps most outrageously, accuses these Defendants of criminal and perjurious conduct.  Defendants would state more fully as follows:

I.      **FACTUAL BACKGROUND**

        A.      **Plaintiffs' Allegations**

1.      Plaintiffs' Rule 11 Motion for Sanctions is based on a single reference in a CLEET record to Defendant Kevin Coley serving as an "Interim Chief" in July of 2017.  (Dkt. #219-1).

2.      Based on this document, Plaintiffs argue that affidavits signed by Chief of Police Kevin Coley and non-party Mayor Frank Schaff in this case are "demonstrably false" and are, ostensibly, deserving of a "perjury" investigation.  (Dkt. #219 at 8).

3.      Chief Coley's affidavit and Mayor Schaff's affidavit were attached to Defendants' Notice Regarding Final Policymaker Stipulation, (Dkt #84-1 at pp. 3-6), which was filed on March 26, 2021, pursuant to the Court's previous Order that the parties attempt to reach a stipulation regarding City of Wilson's final policymaker.  (Dkt. #81 at 2, Minute Order).

4. As reflected in Defendant City of Wilson's Notice, the parties were unable to reach any agreement on the final policymaker issue. (Dkt. #84) ("WHEREFORE, despite good faith discussion, the parties are unable to reach a stipulation as to the identity of the final policymaker for the issues currently pending.").[1]

5. But, Defendant City of Wilson nevertheless submitted affidavits from Chief Coley and Mayor Schaff indicating that Officer Joshua Taylor held the rank of Captain with the Wilson Police Department and that Taylor had never been promoted or appointed to the position of "Acting Chief of Police, nor any similar position." (Dkt. #84-1, at pp. 4, 5-6).

6. Chief Coley and Mayor Schaff further stated that, "[t]o my knowledge, the Wilson Police Department has never had anyone in that position," referring to the alleged "Acting Chief of Police" position. (*Id.*).

7. Plaintiffs argue that the affidavits are false because Chief Coley, on July 24, 2017, signed a "Notice of Employment/Termination" with CLEET that indicated his new position, at that time, was that of "Interim Chief." (Dkt. #219-1).

8. Plaintiffs argue that Mayor Frank Schaff also signed the same document and that, consequently, his affidavit is also "false."

9. Plaintiffs conclude that, had Defendants conducted a "reasonable inquiry," Defendants would have "likely identif[ed] the use of the interim position." (Dkt. #219).

10. Plaintiffs do not cite any evidence to contradict the undisputed fact that Taylor was never an Acting Police Chief. Rather, Plaintiffs argue that Defendants City and Chief Coley have engaged in "outright dishonesty" that is "possibly criminal" for failing to conclude, based on the 2017 CLEET document, that the City had used an "interim position" in the past.

---

[1] Plaintiffs filed a similar "Notice," acknowledging their refusal to stipulate. (Dkt. #86). Plaintiffs provided no evidence to support their position. (*Id.*).

11.   Plaintiffs also allege that Defendants "relied" on these affidavits in Defendants' Motion to Dismiss.  (Dkt. #219 at 2, ¶5).

12.   This is a false statement.  Defendants did not "rely" on the affidavits in any regard in the Motion to Dismiss.  (Dkt. #102 at p. 3 [ECF p. 11]).  To the contrary, in that document, Defendant informed the Court that that parties were unable to reach agreement on the final policymaker issue.  (*Id.*).

**B.   Plaintiffs' "Notice of Intent to Pursue Rule 11 Sanctions"**

13.   Plaintiffs' counsel did not informally provide Defendants' counsel with a copy of his Motion for Sanctions prior to filing it with the Court.  Rather, Defendants' counsel's first notice of Plaintiffs' counsel's plan to file a Motion for Sanctions was when he filed his "Notice of Intent to Pursue Rule 11 Sanctions" with the Court.  (Dkt. #215; *see also* Exhibit 1, Letter from Attorney Le Blanc to Attorney J. Spencer Bryan, dated 12.16.21).

14.   Plaintiffs' counsel's "Notice of Intent to Pursue Rule 11 Sanctions" was formally filed on the Court's docket and given an ECF entry.  (Dkt. #215).

15.   Plaintiffs' counsel's "Notice of Intent to Pursue Rule 11 Sanctions" was filed pursuant to Eastern District Local Rule 7.1, which regulates motion practice in this Court.[2]

16.   Plaintiffs' counsel attached his complete Motion for Sanctions to the "Notice" and provided the Court with all cited exhibits.  (Dkt. #215).

17.   Defendants' counsel requested that Plaintiffs' counsel withdraw the "Notice of Intent to Pursue Rule 11 Sanctions" because it violated the safe harbor provision of Rule 11, (e.g., see Exhibit 1), but Plaintiffs' counsel refused.

---

[2] It was also filed in *violation* of Rule 7.1(f) since Plaintiffs' counsel did not communicate with Defendants' counsel prior to filing.  *See* Local Rule 7.1(f) (requiring "informal conference" for "**all** non-dispositive motions or objections.") (emphasis in original).

**C.     Defendants' Response**

18.     In response to the "Notice of Intent to Pursue Rule 11 Sanctions," Defendants' counsel corresponded with Plaintiffs' counsel and pointed out that the affidavits signed by Chief Coley and Mayor Schaff in this matter have nothing to do with Chief Coley's interim appointment in 2017.  (Exhibit 1).

19.     In July of 2017, former Police Chief Felix Hernandez was suspended without pay.  (Exhibit 2, City Council Meeting Minutes of July 17, 2017),

20.     Shortly thereafter, Hernandez submitted his letter of retirement from his position as Wilson Police Chief.  (Exhibit 1).

21.     His suspension and retirement created a <u>vacancy</u>, which would have left the City of Wilson <u>without any Chief of Police</u>.  (Exhibit 1).

22.     In accordance with state statute (11 O.S. § 9-118), the Mayor appointed Kevin Coley as "Interim Chief" to <u>fill the vacancy until the next regular election.</u>  (Exhibit 1).

23.     On July 27, 2017, the City Council accepted Hernandez's retirement letter and approved Coley's appointment as Interim Chief at its next regular Council Meeting.  (Exhibit 3, City Council Meeting Minutes of July 27, 2017).

24.     On or about the same date, the City notified CLEET of the City's "Department Head Change" and Coley's appointment as "Interim Chief." (Dkt. #215-1) ("Notification of Employment/ Termination").

25.     The City also notified CLEET of Hernandez's retirement effective July 24, 2017.  (Exhibit 4, Notice of Employment/Termination dated July 26, 2017).

26.     Chief Coley thereafter served as the City's <u>one and only</u> Chief of Police until the election in April of 2019.  (Exhibit 1).

27.     At that time, Chief Coley ran unopposed and was elected by the citizens of Wilson, and has continued to serve as the City's <u>one and only</u> Chief of Police since the April 2019 election.  (Exhibit 1).

28.     On or about April 25, 2019, the City notified CLEET of Coley's title change, removing the words "Interim" from his title as Chief.  (Dkt. #215-1 at 11).

29.     Hence, consistent with the affidavits submitted to this Court, the CLEET record relied upon by Plaintiffs herein establishes that Chief Coley has served uninterrupted as Wilson's <u>only</u> Chief of Police since July of 2017.

30.     Defendants' counsel also pointed out that Plaintiffs' counsel had obtained Joshua Taylor's CLEET file and nothing in that file indicates that CLEET was ever notified of any "acting" or "interim" appointment of Taylor as Wilson's Chief of Police.  (Exhibit 1).

31.     Plaintiffs' counsel does not contest this fact and ignores this issue in his Motion for Sanctions, even while accusing the City of "possibly criminal" conduct.  (Dkt. #219 at 8).

**D.     Plaintiffs' Proposed Resolution**

32.     On or about December 29, 2021, Plaintiffs' counsel corresponded and suggested that, to avoid his impending Motion for Sanctions, Defendants could file a motion to withdraw the last sentence of both affidavits (which stated that "To my knowledge, the Wilson Police Department has never had anyone in that position") and delete any reference to that sentence in any Motion to Dismiss or Reply Brief.  (Exhibit 5, Letter).

**E.     Defendant's Rejection of Proposed Resolution**

33.     On January 7, 2022, Defendants' counsel corresponded with Plaintiffs' counsel and noted that the sentence at issue was true and accurate in the context of the affidavit:  <u>neither Joshua Taylor nor anyone else had served in the position of Acting Chief, or any similar</u>

5

position, during the time that Kevin Coley was on medical leave – and specifically in July of 2019.  (Exhibit 6, Letter).

34.    Defendants' counsel further pointed out that <u>not a single brief filed in this case relied upon, quoted, cited, or even referenced the sentence that Plaintiffs' counsel found problematic</u>. (Exhibit 6).

35.    Despite these facts, Plaintiffs' counsel filed his Motion for Sanctions.  (Dkt #219).

## II.    ARGUMENTS AND AUTHORITIES

Plaintiffs' Motion for Sanctions should be denied for two reasons:  First, Plaintiffs' counsel failed to comply with Rule 11's safe-harbor provision insofar as he **filed and presented** the Motion for Sanctions **to the Court** before giving Defendants' counsel a chance to review it and respond. Second, Plaintiffs have failed to show how any "pleading, written motion, or other paper" violates Rule 11, and the affidavits at issue are true and accurate, and certainly "objectively reasonable." Finally, because Plaintiffs have used Rule 11 for improper purposes – to the point of accusing Defendants of "criminal" conduct and requesting a referral to the U.S. Attorney – the Court should award Defendants fees and costs for responding to Plaintiffs' Motion.

### A.    PLAINTIFFS' MOTION FOR SANCTIONS SHOULD BE DENIED BECAUSE PLAINTIFFS' COUNSEL DID NOT FOLLOW THE APPROPRIATE RULE 11 SAFE HARBOR PROCESS

Rule 11 contains a well-known procedure for pursuing a Motion for Sanctions under Rule 11, including a "safe-harbor" provision.  Plaintiffs' counsel did not follow the letter or spirit of this requirement:  he filed his Motion for Sanctions with the Court before giving Defendants a chance to review it and take any appropriate action.  (Dkt. #215; #215-1).  For that reason alone, Plaintiffs' Motion for Sanctions should be denied.  *See Mellott v. MSN Commc'ns, Inc.*, 492 Fed. Appx. 887, 888 (10th Cir. 2012) ("[I]t is an abuse of discretion to grant Rule 11 sanctions if the defendant did not comply with the safe-harbor provision.").

6

Specifically, under Fed. R. Civ. P. 11(c)(2), before a party may move for sanctions, the party must comply with the Rule's "safe harbor" provision, which requires that a motion for sanctions be served on the proposed target of sanctions, but that the motion **not be filed <u>or presented to the court</u>** "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed.R.Civ.P. 11(c)(2); *see also Roth v. Green*, 466 F.3d 1179, 1191–92 (10th Cir. 2006); *Brown v. Eppler*, 794 F. Supp. 2d 1238, 1252 (N.D. Okla. 2011) (denying motion for sanctions for failure to comply with safe harbor provisions). The purpose of this provision is "to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation." *McCoy v. West*, 965 F. Supp. 34, 35 (D. Colo. 1997) (citing Advisory Committee Notes to 1993 amendments to Rule 11).[3]

In this case, Plaintiffs' counsel <u>filed</u> his "Notice of Intent to Pursue Rule 11 Sanctions" along with his Motion for Sanctions <u>with the Court</u>. (Dkt #215). Plaintiffs' counsel's "Notice" was filed pursuant to Local Rule 7.1, which regulates motion practice in this Court. (*Id.*). This procedure does not comply with the letter or the spirit of the Rule 11 "safe harbor" provision. Rule 11 contemplates that the proposed Motion for Sanctions be sent to counsel only, and "not be **filed or presented** to the court." Here, Plaintiffs' "Notice of Intent to Pursue Rule 11 Sanctions"

---

[3] *See also* § 1337.2 Procedural Aspects of Rule 11 Motions—The Safe Harbor Provision, 5A Fed. Prac. & Proc. Civ. § 1337.2 (4th ed.) ("A party seeking sanctions under Rule 11 first must serve—**but not file**—the motion for sanctions upon the party against whom sanctions are sought as provided by Federal Rule of Civil Procedure 5. If corrective action is taken, the question of sanctions becomes moot. **The moving party may file the motion with the district court only if, after twenty-one days, the party against whom sanctions are sought has not corrected or withdrawn the allegedly offending paper**.") (bold added).

violates this requirement because it was **filed _and_ presented** to the Court pursuant to Local Rule 7.1. (Dkt. #215). As noted above, Defendants' first notice of Plaintiffs' counsel's intent to file a Motion for Sanctions was when Plaintiffs' counsel filed his "Notice" with the Court. (Dkt. #215). Plaintiffs' counsel never made any attempt to communicate – whether written or verbal – with Defendants' counsel concerning the subject matter of his Motion for Sanctions.[4]

Plaintiffs' counsel will argue that he was merely "serving" the Motion for Sanctions pursuant to Fed. R. Civ. Proc. 5 when he filed his "Notice." But, the Court should pierce any such excuse for his conduct under these circumstances. The filing of the "Notice" was clearly done as a litigation tactic. It defied the spirit and purpose of the safe harbor provision because it has allowed Plaintiff's counsel to unilaterally present legal arguments and evidence to the Court, including allegations that Defendants have engaged in "potentially criminal" and perjurious conduct. These are defamatory and outrageous accusations.

One purpose of the safe-harbor provision is to encourage the withdrawal of papers that violate Rule 11 without involving the district court. _See Dowling v. General Motors, LLC._, 333 F.R.D. 534, 540 n.7 (D. Colo. 2019). But, by filing the Notice and Motion with the Court, Plaintiffs' counsel has ensured the opposite. He has created a substantial disincentive for Defendants to agree to withdraw any motion, pleading or other document: Defendants have a substantial interest in responding to the defamatory allegations in the Notice and Motion and in correcting the outrageous statements Plaintiffs' counsel has inserted into the Court record.[5]

---

[4] Under the Court's Local Rules, an attorney is generally required to make some inquiry of opposing counsel before filing such a document with a Court of law. _E.g.,_ Local Rule 7.1(f) (requiring informal conference prior to filing **any** non-dispositive motion or objection). But, such professional courtesies do not seem to apply to Plaintiffs' counsel. This is not the first time that Plaintiffs' counsel has taken this approach. (Dkt. # 146, "Estate's Partial Motion to Strike a Portion of the Reply Brief Filed by Defendant Wilson"; Dkt. #151, Order Denying Same).

This gamesmanship is contrary to the purpose of the Rule 11 safe harbor provision.  As

one Court noted:

> [R]equests for sanctions necessarily carry with them accusations of wrongdoing on
> the part of an attorney, which can breed personal animosity between counsel . . .
> Memorializing attacks upon the competence or integrity or another lawyer in a Rule
> 11 request only reduces the opportunities for future cooperation.
> . . .
> Allowing adversaries an unrestricted ability to initiate a process in which competent
> attorneys must justify, under the threat of sanctions, actions taken in good faith,
> does not serve the purposes of Rule 11.  The Rule was intended to reduce, rather
> than contribute to, such abuse of the legal system.  That is why requests for
> sanctions must be treated seriously and controlled appropriately

*Nakash v. U.S. Dep't of Just*., 708 F. Supp. 1354, 1370 (S.D.N.Y. 1988).

Plaintiffs' Motion for Sanctions should be denied without any further consideration of the

merits of the Motion.

**B.     PLAINTIFFS' MOTION FOR SANCTIONS SHOULD BE DENIED
BECAUSE DEFENDANTS' SUBMISSIONS WERE OBJECTIVELY
REASONABLE (AND TRUE AND ACCURATE)**

Even assuming the Court reviews the merits of Plaintiffs' Motion, the Court will find that

Plaintiffs' contentions are untrue, unjustified, and unreasonable.

Rule 11 states as follows:

(a) Signature.  Every pleading, written motion, and other paper must be signed by at
least one attorney of record in the attorney's name—or by a party personally if the
party is unrepresented.  The paper must state the signer's address, e-mail address,
and telephone number.  Unless a rule or statute specifically states otherwise, a
pleading need not be verified or accompanied by an affidavit.  The court must strike
an unsigned paper unless the omission is promptly corrected after being called to the
attorney's or party's attention.

---

[5] In addition, by filing the Notice and Motion, Plaintiffs' counsel has granted himself leave
to file additional briefing on the final policymaker issue – briefing he has filed without leave of
Court and without a single communication concerning same to Defendants' counsel prior to filing.
This has been another tendency of Plaintiffs' counsel – i.e., to file supplemental briefs with the
Court when he feels that his position will *surely* prevail if given a chance to further argue.  (*E.g*.,
Dkt. #194, "Motion to Supplement"; Dkt. #152, "Motion to Supplement"; Dkt #150, "Notice of
Supplemental Authority"; Dkt. #146, "Motion to Strike a Portion of the Reply Brief filed by
Defendant Wilson").

(b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

> (1) In General.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

> (2) Motion for Sanctions.  A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

> (3) On the Court's Initiative.  On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

> (4) Nature of a Sanction.  A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives;

an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) Limitations on Monetary Sanctions.   The court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); or

(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) Requirements for an Order.  An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

(d) Inapplicability to Discovery.  This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

*See* Fed. R. Civ. Proc. 11.

Under Rule 11, the person who signs a pleading, motion or other paper filed with the court, certifies that he or she has conducted a reasonable inquiry into the factual and legal basis for the filing, and that the substance of the filing is well-grounded in fact and law.  Fed. R. Civ. P. 11. Although the district court applies an objective standard to Rule 11 determinations, *see Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988), the Court's inquiry is "rooted in factual determinations" and the Court must "consider all the circumstances of a case."  *Cooter & Gell*, 110 S. Ct. 2447, 2459 (1990).  The focus is on whether a reasonable attorney admitted to practice before the district court would have filed the document at issue.  *See Coffey v. Healthtrust, Inc.*, 955 F.2d 1388 (10th Cir. 1992).  This generally involves a consideration of subsidiary issues, such as "the current state of the law or the parties' and attorneys' behavior and motives within the context of the entire litigation, as well as a conclusion on the ultimate question whether the pleading violates Rule 11."  *Adamson*, 855 F.2d at 672.  Sanctions are only appropriate where a "competent attorney could not form a reasonable belief that the pleading is well grounded in fact

11

and is warranted by existing law." *Id.* at 673.  With regard to factual contentions, "sanctions may not be imposed unless a particular allegation is utterly lacking in support." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388 (2$^d$ Cir. 2003); *see also Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2$^d$ Cir. 1986) ("Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success.").

### 1.    Plaintiffs Have Failed to Identify Any "Pleading, Written Motion, or Other Paper" That Was Filed in Violation of Rule 11.

The first problem with Plaintiffs' Motion for Sanctions is that it does not clearly identify which "pleading, written motion, or other paper" has been filed in violation of Rule 11.  On March 26, 2021, Defendant City filed its "Notice Regarding Final Policymaker Stipulation," which simply informed the Court that the parties were unable to reach an agreement on the final policymaker issue identified in the Motion to Dismiss briefing.  (Dkt. #84).  In the Notice, Defendant City noted that it contended that the City Council was the final policymaker and Plaintiffs contended that Joshua Taylor was the final policymaker.  (*Id.*).  The affidavits of Chief Coley and Mayor Schaff were attached to the back of the Notice, but Plaintiffs have failed to show how that these affidavits made the Notice a frivolous pleading.  Rather, the signed affidavits show that the factual contents of the Notice had evidentiary support, as contemplated by Rule 11(b)(3).  In addition, the Notice did not request any affirmative relief on the basis of the affidavits or otherwise, but simply noted that the parties could not reach an agreement on the final policymaker issue.  A document that accurately notifies the Court that the parties could not reach an agreement is not frivolous or "objectively unreasonable."

Perhaps Plaintiffs refer to Defendants' Motion to Dismiss as violating Rule 11?  In their Motion for Sanctions, Plaintiffs contend that Defendants' Motion to Dismiss "relied on Coley's affidavit."  (Dkt. #219 at 2, ¶5).  But, this is a false assertion.  Defendants' Motion to Dismiss did

not rely on the affidavit in any regard. (Dkt. #102 at 3 [ECF p. 11]). The affidavit is not cited in support of any argument concerning Taylor's status as final policymaker. To the contrary, and ironically, the Motion to Dismiss cited Defendants' Notice Regarding Final Policymaker Stipulation, (Dkt. #84) and Plaintiffs' Notice on the same issue, (Dkt. #86), and noted that the parties had not reached an agreement on this issue. (Dkt. #102 at 3 [ECF p. 11]).

And, finally, with respect to the clause in the affidavits that Plaintiffs' counsel finds so objectionable, i.e., the sentence stating that "To my knowledge, the Wilson Police Department has never had anyone in that position," this sentence was not relied upon, quoted, cited, or even referenced in any motion to dismiss or reply brief in this matter. Defendants' counsel pointed out this issue to Plaintiffs' counsel, but this issue was ignored. In short, Plaintiffs' counsel has failed to identify any "pleading, written motion or other paper" that was filed in violation of Rule 11.

### 2.     The Affidavits Were True and Accurate

Secondly, to the extent Plaintiffs attack the affidavits themselves, the facts discussed above show that the affidavits are true and accurate.[6] As noted above, the CLEET notification document relied upon by Plaintiffs was created because prior Police Chief Hernandez was suspended, and ultimately retired. This created a vacancy and would have left the City without any Police Chief. Consequently, pursuant to statutory law (11 O.S. §9-118), the City appointed an "Interim Chief" to fill the vacancy until the next scheduled election. The City Council accepted Hernandez's retirement letter and approved Coley's appointment as "Interim Chief" at its next meeting (on July 27, 2017). This is when the City notified CLEET of the City's "Department Head Change" and Coley's appointment as "Interim Chief." The City also notified CLEET of Hernadez's retirement effective July 24, 2017. Coley served as the one and only Chief of Police until the election in April

---

[6] Plaintiffs have provided no authority for applying Rule 11 to a non-party (Mayor Schaff). *See* Fed. R. Evid. 11(c) (sanctions limited to "attorney, law firm, or party").

of 2019. At that time, he ran unopposed and was elected as Chief of Police by the citizens of Wilson. At that point, the City notified CLEET of the title change and removed the word "Interim" from his title as Chief. The records in Defendants' counsel's possession – *and* Plaintiffs' counsel's possession – show that Chief Coley served, uninterrupted, as Wilson's only Chief of Police since July 2017. These documents appropriately and reasonably support any and all submissions of Defendants' counsel for purposes of Rule 11.

Plaintiffs' counsel contends that the CLEET notice recognizes that the City had previously used an "interim position" for the Police Chief, and that the affidavits discussing the "Acting Chief" were therefore "demonstrably" false. But, the Court will note that the affidavits do not use the word "interim position" or "Interim Chief." The affidavits state that Joshua Taylor held the rank of Captain with the Wilson Police Department; at no time was he ever promoted or appointed to the position of Acting Chief of Police, nor any similar position; and that "[t]o my knowledge, the Wilson Police Department has never had anyone in that position." (Dkt. #84-1 at 2). Under the facts of this case, Chief Coley and Mayor Schaff clearly reasonably understood that an "Acting Police Chief" was materially different than an "Interim Chief." An "Acting Police Chief" position presumes that a Police Chief holds office but is unavailable to serve on a particular date or occasion, and the "Acting Police Chief" serves in a substitute capacity. An "Interim Chief" is appointed to fill a <u>vacant</u> Police Chief position. And that is precisely what occurred here. Chief Coley was appointed to serve a vacant position when Chief Hernadez resigned. And, the affidavits accurately – and quite reasonably – state that the City has never had anyone in the former position ("Acting Police Chief"). These statements are true. (It is also equally true that Taylor never served as Acting Police Chief *or* Interim Chief). Plaintiffs' counsel's failure to recognize or even address these distinctions is troubling.

For all of those reasons, Plaintiffs' Motion for Sanctions should be denied.

14

### C.   THE COURT SHOULD AWARD FEES AND COSTS TO DEFENDANT CITY OF WILSON AND CHIEF COLEY FOR BEING REQUIRED TO PARTICIPATE IN THIS RULE 11 PROCESS

In addition, the Court should award the City and Chief Coley fees and costs for drafting and litigating all matters related to this Motion for Sanctions.  Fed. R. Civ. Proc. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").  In cases where a Rule 11 Motion for Sanctions is denied, a Court may issue sanctions against the movant because "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) (quoting Advisory Committee Note); *see also Koar v. United States*, 1997 WL 1038181, at 2 n. 2 (S.D.N.Y. 1997) ("[T]he making of a frivolous Rule 11 motion can itself result in sanctions against the movant.").

### 1.   Plaintiffs' Motion for Sanctions was an Unreasonable Use of the Rule 11 Process

In this instance, the City and Chief Coley should be awarded fees and costs because, as shown above, Plaintiff's Notice and Motion for Sanctions were filed for an improper purpose. Those documents also make outrageous and defamatory accusations.  The "Notice" was filed without a single piece of communication by Plaintiffs' counsel to Defendants' counsel concerning the affidavits and the CLEET notification.  Second, the Notice and Motion for Sanctions were filed as a litigation tactic – to defame an opposing party for the purpose of bolstering Plaintiffs' case. Third, the Notice and Motion contain scurrilous and abhorrent accusations against the City, Chief Coley, and Mayor Schaff that lack any basis in the evidence.  Fourth, and perhaps most importantly, Plaintiffs' counsel has failed to show how any of Defendants' submissions violated Rule 11.  An award of fees to the City and Chief Coley is therefore appropriate. *See Nakash v. U.S. Dep't of Just.*, 708 F. Supp. 1354, 1370 (S.D.N.Y. 1988) ("A request for sanctions under Rule

15

11 is not a tactical device.  Asserting a request for strategic reasons when there is any colorable argument supporting an adversary's position constitutes an 'improper purpose' within the meaning of the Rule.").

Courts have a strong interest in correcting such litigation misconduct.  In *Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 162 (D.N.J. 1999), the defendant's attorney used inflammatory language in personal attacks on the plaintiff and her attorneys, including assertions that the plaintiff and the plaintiff's counsel committed "fraud" and engaged in "perjury."  The Court noted:

> Use of such language does nothing to assist the Court in deciding the merits of a motion, wastes judicial resources by requiring the Court to wade through the superfluous verbiage to decipher the substance of the motion, does not serve the client's interests well, and generally debases the judicial system and the profession.
>
> The Court is aware that a lawyer has an obligation and a duty to represent his client zealously and with diligence.  *See* RPC 1.3.  However, "[t]he circumstances of this case ... present the unhappy picture of a lawyer who has crossed the boundary of legitimate advocacy into personal recrimination against his adversary."  *Thomason v. Norman E. Leher, P.C.*, 182 F.R.D. 121, 123 (D.N.J.1998).  "Lawyers are not free, like loose cannons, to fire at will upon any target of opportunity which appears on the legal landscape.  The practice of law is not and cannot be a free fire zone."  *Id.* at 123 (internal quotations omitted).

*Cannon*, 190 F.R.D. at 161–62.  In that case, the court ordered the defendant's attorney to show cause why the court should not sanction him for his conduct in the litigation.  *Id.* at 164.

A similar outcome should apply here.  Plaintiffs' Motion for Sanctions is unreasonable because Plaintiffs have failed to show how any filings/submission by Defendants were objectively unreasonable or otherwise in violation of Rule 11.  Plaintiffs have likewise failed to address Defendants' counsel evidence which showed that the statements made in the affidavits were true and accurate (and certainly "objectively reasonable").  Rather, Plaintiffs' counsel's first response was to use the Rule 11 process.   As shown by the facts and law discussed above, this was an unreasonable litigation tactic.

16

III.     **CONCLUSION**

Plaintiffs' Motion for Sanctions should be denied because Plaintiffs' counsel has failed to comply with Rule 11's safe harbor provision but, instead, **filed and presented** his Motion to the Court.  Second, Plaintiff's Motion for Sanctions should be denied because it is without merit and appears to be a method by which Plaintiffs' counsel attempts to shore up evidentiary deficiencies in his final policymaker analysis.  Plaintiffs have failed to show that any of Defendants' submissions violate Rule 11.  And the affidavits at issue are true and accurate and, at a minimum, are "objectively reasonable."  Finally, the Court should award Defendants City of Wilson and Chief Coley costs and fees for litigating this dispute as Plaintiffs' Motion represents an unreasonable use of the Rule 11 process.

WHEREFORE, premises considered, Defendants City of Wilson and Chief Kevin Coley respectfully request the Court (1) deny Plaintiffs' Motion for Sanctions and (2) award Defendants' fees and costs for litigating this matter, and for other appropriate relief.

Respectfully submitted,

**BEST & SHARP**

*s/ Thomas A. LeBlanc*
Thomas A. LeBlanc, OBA #14768
tleblanc@bestsharp.com
Jordan L. Berkhouse, OBA #33835
jberkhouse@bestsharp.com
Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
*Attorneys for Defendants, City of Wilson
and Kevin Coley, in his official and
individual capacity*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 21st day of January, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Steven J. Terrill, OBA #20869
J. Spencer Bryan, OBA #19419
Bryan & Terrill Law, PLLC
3015 E. Skelly Drive, Suite 400
Tulsa, OK  74105
sjterrill@bryanterrill.com
jsbryan@bryanterrill.com
*Attorneys for Plaintiffs*

Wellon B. Poe, OBA #12440
Justin Ashlock, OBA #33459
Collins, Zorn & Wagner, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105-1815
wbp@czwlaw.com
jpa@czwlaw.com
*Attorney for Defendant, Chris Bryant,*
*in his official and individual capacity as*
*Sheriff of Carter County*

Scott B. Wood, OBA #12536
Wood, Puhl & Wood, P.L.L.C.
2409 E. Skelly Drive, Suite 200
Tulsa, OK  74105
okcoplaw@aol.com
*Attorney for Defendants,*
*Joshua Taylor and Brandon Dingman*

Robert S. Lafferrandre, OBA #11897
Jessica L. Dark, OBA #31236
Randall J. Wood, OBA #10531
Pierce Couch Hendrickson
Baysinger &  Green, LLP
1109 North Francis Avenue
Oklahoma City, OK  73106
rlafferrandre@piercecouch.com
jdark@piercecouch.com
rwood@piercecouch.com
*Attorneys  for Defendant,*
*David Duggan*

Eric D. Janzen, OBA #13826
Meredith Lindamann, OBA #22209
Steidley & Neal, P.L.L.C.
CityPlex Towers, 53rd Floor
2448 East 81st Street
Tulsa, OK  74137
edj@steidley-neal.com
mdl@steidley-neal.com
*Attorneys for Defendants,*
*City of Lone Grove and Terry Miller*

*s/ Thomas A. LeBlanc*

18