Rec'd via email 12-29-21
188-149; TAL-JLB-LDJ

Oklahoma office
3015 E. Skelly Dr. #400
Tulsa, OK 74105
T/F: 918.935.2777
sjterrill@bryanterrill.com
www.bryanterrill.com



**BRYAN & TERRILL**
PERSONAL INJURY | CIVIL LAW

Colorado office
333 W. Hampden, Ste. 420B
Englewood, CO 80110
T/F: 720.923.2333
jsbryan@bryanterrill.com
www.btlawdenver.com

December 29, 2021

**VIA EMAIL**
Mr. Thomas LeBlanc
1 W. 3rd St., #900
Tulsa, OK 74103
jberkhouse@bestsharp.com

   Re: *Estate of Lakey v. Wilson et al.*

Thomas,

  I'm following up on our call last week regarding Estate's Notice of Intent to Pursue Sanctions pursuant to Fed. R. Civ. P. 11. (Doc. 215). As we discussed, you didn't think it was necessary that we serve the exhibit to the notice a second time, and you further requested that we propose a solution.

  In that regard, we think an appropriate resolution, consistent with the Rule, would entail filing a motion to withdraw the last sentence in Paragraph 7 of Frank Schaff's affidavit, and the last sentence in Paragraph 8 of Coley's affidavit, which both read: "*To my knowledge, the Wilson Police Department has never had anyone in that position.*" (Doc. 84, Ex. 1, pp. 4, 6). Additionally, any reference or reliance on that sentence, found in either the motions to dismiss or the corresponding reply briefs, should also be withdrawn.

  Our proposal doesn't require that you completely withdraw the affidavits or the briefs, just those portions affirmatively representing that Wilson "*has never had anyone in that position.*" To the extent you plan to file a motion to withdraw consistent with our proposal, you can note that we have no objection to that particular relief.

  As always, please let me know if you have additional questions.

       Kind regards,

       s/*J. Spencer Bryan*



EXHIBIT
5