# BEST & SHARP

### A PROFESSIONAL CORPORATION

TIMOTHY G BEST
THOMAS A LEBLANC
SEAN H MCKEE
MATTHEW B FREE
BENJAMIN D REED
MANUEL M PALLAREZ
JORDAN L BERKHOUSE
EMILY K WILSON
BAYLOR C BOONE
KASEY K FAGIN

WILLIAMS CENTER TOWER I
ONE WEST THIRD STREET, SUITE 900
TULSA, OKLAHOMA 74103
TELEPHONE: (918) 582-1234
TELECOPIER: (918) 585-9447

www.bestsharp.com

JOSEPH M BEST **
JOSEPH A SHARP †
AMY E KEMPFERT*

Of Counsel
   WILLIAM E PATTEN
   JENNIFER J KEGLOVITS
**1925-2017
†1921-2009
*Retired

January 7, 2022

**via email only jsbryan@bryanterrill.com**
J. Spencer Bryan
Bryan & Terrill Law, PLLC
3015 E. Skelly Drive, Suite 400
Tulsa, OK   74105

Re:   Lakey v. City of Wilson
      Our File No. 188-149

Dear Mr. Bryan:

This is in follow up to our discussion regarding your Notice of Intent to Pursue Sanctions and your letter of December 29, 2021.  Your concern, and the basis for your proposed motion for sanctions, is a single sentence, *"To my knowledge, the Wilson Police Department has never had anyone in that position."*, which appears in one paragraph of Coley's and Schaaf's Affidavits.

As a reminder, the sentence comes at the end of a paragraph which reads as follows:

"In July 2019, Joshua Taylor held the rank of Captain with the Wilson Police Department.  At no time was he ever promoted or appointed to the position of Acting Chief of Police, nor any similar position.  To my knowledge, the Wilson Police Department has never had anyone in that position."

The sentence in question is true and accurate standing alone and in the context of the Affidavits. The paragraph makes clear that neither Joshua Taylor nor anyone else served in the position of Acting Chief, or any similar position, during the time that Kevin Coley was on medical leave, and specifically in July 2019.  The Affidavits in question were appended to the Notice informing the Court of our inability to reach a stipulation regarding the question of final policy maker. (Doc #84) And, you filed "Estate's Notice Regarding Stipulation", (Doc #86) setting forth your position on the issue.

Your suggestion that Defendants' file a motion to withdraw a single sentence from one paragraph of the Affidavits is unwarranted and unnecessary, especially when the sentence is true

{00640444}


EXHIBIT
6

J. Spencer Bryan
January 7, 2022
Page 2

and accurate. Moreover, your suggestion that any reference or reliance on that sentence found in the motions to dismiss or corresponding reply briefs is likewise baseless. The motions to dismiss and corresponding briefs do not rely upon, quote, cite or even reference the sentence at issue. Filing a motion to withdraw references that do not exist would be unwarranted and unnecessary.

If you have any questions or wish to discuss this further, please feel free to contact me.

Sincerely,

Thomas A. LeBlanc

TAL/dvl

{00640444}