# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CYNTHIA LAKEY AND DOUGLAS LAKEY, as co-Special Administrators for the Estate of Jared Lakey,<br><br>Plaintiffs,<br><br>v.<br><br>(2) CITY OF WILSON, ET AL.<br><br>Defendants. | Case No.: 20-cv-152-RAW |

## PLAINTIFF'S MOTION TO LIMIT OR EXCLUDE EXPERT OPINION OF MARK KROLL

Pursuant to the Local Rules, Estate respectfully submits the following motion to limit or exclude the opinions of Mark Kroll. (ECF 252-2). As set forth below, Kroll intends to express opinions about "electrocution" that do not satisfy the requirements for admissibility, and therefore Estate respectfully requests the Court enter an order excluding those opinions from trial.

## I.

### SCOPE OF THE MOTION

Defendants Taylor and Dingman retained Mark Kroll to render opinions about their use of the tasers on Jared Lakey. *Id*. This motion addresses Opinions 1, and 4-9. Kroll's report provides a "Brief Summary of Opinions in this Case." *Id*. at p. 15. Kroll also provides a section titled, "Details of Opinions." *Id*. at pp. 27-28. The "Details" section is limited to only opinions 4, 5, 6, and 7. There are no other details associated with opinions 1-3 and 8-9. Estate will address Opinions 1 and 4-9 below and the reason why the opinion should be excluded.

# II.

### ARGUMENT AND AUTHORITY

Opinion 1: Taylor "*exhibited significant restraint in his use of CEW.*" This is a police practices opinion and one that does not involve any specialized training. Admissible expert opinions must use "knowledge greater than the average layman," *Wilson v. Muckala*, 303 F.2d 1207, 1218 (10th Cir. 2002), and those which do not should be excluded. *See*, *e.g.*, *Pena v. Leombruni*, 200 F.3d 1031, 1034 (7th Cir. 1999) (court excluded testimony of police expert on reasonableness of force because whether officer acted reasonably when faced with man armed with chunk of concrete was within lay competence and not "specialized"). Whether Taylor "exhibited restraint" is not within the realm of expert testimony.

Opinion 4: That Jared had his "*cardiac arrest about 7.5 minutes after the last probe-mode shock delivery thus eliminating the possibility of electrocution.*" The opinion has no relevance to this case. *See*, *e.g.*, *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1223 (10th Cir. 2016) ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."). Estate does not contend Jared was "electrocuted;" Jared died because the taser stimulates a chemical reaction in the body, and when repeatedly triggered, that reaction causes a build-up of lactic acid the body is unable to process resulting in rhabdomyolysis, among other things.[1] This process was observed in Jared by defense expert Dr. Bux. (ECF 254-1, p. 6) ("[Jared] developed lactic acidosis rhabdomyolysis . . ").

---

[1] Although not an opinion Kroll intends to give at trial, he claims "TASER CEW do not cause rhabdomyolysis." (ECF 252-2, p. 11). However, none of his citations for that proposition involve a person, like Jared, who was subjected to over 3 minutes of CEW exposure. (*Compare*, ECF 252-2, n.10-17 *with* Ex. 1, pp. 67, 77 Report of AXON-TASER engineer Brian Chiles, confirming cumulative exposure time at mid-high impedance, very high impedance, and intermittent alternating connection totaling 200.75 seconds).

Moreover, Kroll is not a medical doctor with any education or training sufficient to diagnosis cardiac arrest. *See*, *e.g.*, *Goodwin v. MTD Prods., Inc.*, 232 F.3d 600, 609 (7th Cir. 2000) (expert with a degree in mechanical engineering was not qualified to give expert testimony on medical questions, including the cause of an eye injury); *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 723-24 (7th Cir. 1999) (a witness who had a mechanical engineering degree but lacked a medical degree or medical training was not qualified to give expert testimony on medical questions about the effects of manganese and manganese fumes on the human body).

Opinion 5: That Jared was "*sitting up about 2 minutes after the last probe-mode shock delivery thus eliminating the possibility of electrocution*." As before, this opinion is not relevant because Estate does not contend that Jared was "electrocuted."

Opinion 6: That "*Mr. Lakey's cardiac arrest rhythm was asystole thus eliminating the possibility of electrocution*." Again, this opinion is not relevant because Estate does not contend that Jared was "electrocuted."

Opinion 7: That "*[n]o probe was close to Mr. Lakey's heart thus eliminating the possibility of electrocution*." Again, this opinion is not relevant because Estate does not contend that Jared was "electrocuted."

Opinion 8: That use of the tasers "*did not cause Mr. Lakey's tragic death*." Kroll is not a forensic pathologist and has no specialized education, training, or skill to render opinions on cause of death. Furthermore, Kroll's methodology disregards the criminal convictions in the parallel criminal case without explanation.

In *White v. Sedler*, 2009 WL 5125764 (D.N.M. 2009), the District Court of New Mexico excluded an expert's report which was based on the plaintiff's version of the facts and model police procedures "instead of the 'totality of the circumstances' standard required under the Fourth

Amendment." *Id*. at *1. The court determined the expert's "opinion was unreliable because he based his opinion solely on plaintiff's version of the facts." *Id*. at *2. That expert assumed the plaintiff was "passively resisting" and did "not leave any room for a juror to find that plaintiff was belligerent, abusive or actively resisting arrest." *Id*.

The same is true of Kroll's opinion that tasers did not cause Jared's death. The Oklahoma Medical Examiner explicitly identified under "<u>PROBABLE CAUSE OF DEATH</u>: . . . MYOCARDIAL INFARCTION IN THE SETTING OF CARDIOMEGALY AND CRITICAL CORONARY ATHEROSCLEROSIS <u>AND LAW ENFORCEMENT USE OF ELECTRICAL WEAPON AND RESTRAINT</u>." (Ex. 2, ME Report) (emphasis added). Another jury clearly found, consistent with the Medical Examiner, that TASERs were the cause in fact of Jared's death. (ECF 196, Ex. 1, 2). Rather than adopt a methodology that considered and attempted to accept or exclude that rationale and conclusion, Kroll's opinion does neither. Again, Kroll is not a medical doctor and he is not a forensic pathologist, and his causation opinions lack an acceptable differential diagnosis to support his conclusion.

<u>Opinion 9</u>: That use of the tasers "*did not contribute to Mr. Lakey's tragic death*." For substantially the same reasons detailed in response to Opinion 8, Kroll is not a forensic pathologist and has no specialized education, training, or skill to render opinions on cause of death, and his methodology disregards the report of the Medical Examiner without explanation.

**WHEREFORE**, Estate respectfully requests the Court grant the motion and enter such other relief as the Court deems just and equitable.

Respectfully submitted,

BRYAN & TERRILL

By: *s/J. Spencer Bryan*
Steven J. Terrill, OBA # 20869
J. Spencer Bryan, OBA # 19419
BRYAN & TERRILL LAW, PLLC
2500 S. Broadway, Suite 122
Edmond, OK 73103
Tele/Fax:     (918) 935-2777
Email: sjterrill@bryanterrill.com
Email: jsbryan@bryanterrill.com