**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

CYNTHIA LAKEY and DOUGLAS LAKEY,  )
as co-Special Administrators for  )
the Estate of Jared Lakey,        )
                                  )
            Plaintiffs,           )
                                  )
v.                                )   Case No. CIV-20-152-RAW
                                  )
CITY OF WILSON, et al.,           )
                                  )
            Defendants.           )

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiffs' Motion to Compel (Docket Entry #294). The Motion was referred to the undersigned Magistrate Judge for final determination by presiding United States District Judge Ronald A. White. Because Plaintiffs seek dispositive sanctions associated with the Motion to Compel and the court-ordered settlement conference, the undersigned Magistrate Judge has determined that a Report and Recommendation is appropriate.[1]

---

[1] The Court notes that Plaintiffs seek dispositive sanctions directly against Defendant Bryant as a party, but they also seek monetary sanctions against Defendant Bryant and/or his attorney under various civil and local rules. Although a magistrate judge can issue an order on a non-dispositive pretrial matter, including an award of attorney's fees and costs, a magistrate judge cannot order relief that is dispositive of a claim or defense. *See generally Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1465 (10th Cir. 1988) (finding the striking of pleading as a discovery sanction is akin to an involuntary dismissal and is therefore beyond the magistrate judge's power to order); *Hutchinson v. Pfeil*, 1999 WL 1015557, at *2 (10th Cir. Nov. 9, 1999) (non-dispositive sanctions may be determined by a magistrate judge). In an abundance of caution, the undersigned Magistrate Judge has elected

The Court held a hearing on the Motion to Compel and Plaintiffs' subsequent request for sanctions on January 4, 2023. Steven Terrill was present for Plaintiffs, Wellon Poe was present for Defendant Bryant, and Randall Wood was present for Defendant David Duggan.

**Background and Hearing**

Plaintiffs' Motion centers on the failure of Defendant Chris Bryant, sued individually and in his official capacity as Carter County Sheriff, to disclose a reinsurance policy for his insurer, Association of County Commissioners of Oklahoma Self-Insured Group ("ACCO-SIG"), which Plaintiffs contend violates the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(A)(iv), LCvR 16.2(d), and the Settlement Conference Order (Docket Entry #91) entered in the case. Plaintiffs requested an order directing the production of all reinsurance contracts by Defendant Bryant. In response, Defendant Bryant's counsel questioned whether a reinsurance policy was subject to mandatory disclosure, but contemporaneous with the filing of the response, he provided Plaintiffs with supplemental Rule 26 disclosures, including a copy of the reinsurance agreement for ACCO-SIG for the fiscal year 2019-2020. *See* Docket Entry #298. He asserted that Plaintiffs' Motion was now moot.

---

to make a report and recommendation for the district judge's consideration pursuant to 28 U.S.C. § 636(b)(1).

Plaintiffs replied that counsel's failure to timely disclose the reinsurance agreement not only violated Rule 26, but also precluded them from properly evaluating the case, making informed decisions about strategy, or fully considering their settlement position since they lacked coverage details and the identification of persons with final settlement authority at the settlement conference. In light of the failure to disclose, Plaintiffs sought sanctions against Defendant Bryant under Fed. R. Civ. P. 16, Fed. R. Civ. P. 37, and the Court's inherent authority.

Counsel for Defendant Bryant requested permission to file a sur-reply to address Plaintiffs' request for sanctions. He explained Carter County has a $2 million dollar policy through ACCO-SIG and the reinsurance agreement between ACCO-SIG and County Reinsurance Limited ("CRL") is a reimbursement policy and not an excess insurance policy. He described the relationship as follows: "ACCO-SIG simply gives notice of a potential claim as required by the Treaty and advises and updates CRL as litigation continues, and then seeks reimbursement for any funds expended over the $500,000.00 retention." He further indicated that CRL in no way dictates whether ACCO-SIG settles cases.

Plaintiffs maintain that the actions of Defendant Bryant's counsel (and his law firm) throughout this case and others constitutes intentional or reckless disregard of the rules and constitutes bad faith entitling Plaintiffs to sanctions. At the

3

hearing, Plaintiffs reiterated that even though they now have the reinsurance policy, they are unsure if a curative measure exists, primarily based upon their lack of knowledge of the policy at the settlement conference held before Magistrate Judge Jason Robertson on May 18, 2022. They contend that not having the policy prior to the settlement conference compromised their strategy because they did not have a full understanding of all the policies possibly at issue, and then made decisions after the settlement conference to dismiss other defendants from the lawsuit. Moreover, Plaintiffs assert that the language of the reinsurance policy suggests the reinsurer may influence the settlement, pointing to language in the agreement which states: "All Claim settlements that will give rise to liability on our part under this Certificate require our prior approval, which approval will not be unreasonably withheld. Requests for settlement authority should be sent to our Executive Director." *See* Docket Entry #298-1, p. 4, ¶ C(2).

Defendant Bryant's counsel acknowledged at the hearing that the reinsurance policy should have been disclosed under Rule 26 and that Defendant's counsel's law firm is now including the reinsurance policy with its Rule 26 disclosures. He reiterated that the policy is not an excess insurance policy, but it is a reimbursement policy. He explained that any recovery is determined according to the policy limits of the ACCO-SIG insurance policy, and the reinsurance policy does not change the potential recovery

under the insurance policy or what will be covered. The ACCO-SIG claims representative receives his authority/approval from the ACCO-SIG Board, and he attends a settlement conference with full settlement authority. Although the claims representative may notify the reinsurer, the reinsurance policy does not affect the amount available under the insurance policy for settlement or judgment. Defendant's counsel indicated that even though the ACCO-SIG insurance policy is a "diminishing policy," the reinsurance policy does not create a larger pool of money for a judgment or settlement. He asserts that Plaintiffs have suffered no prejudice from the failure to disclose the reinsurance policy prior to the settlement conference because the ACCO-SIG claims representative possessed authority to settle the case up to policy limits. He further argued that on the day of the settlement conference there was not a possible settlement.

    At the conclusion of the hearing, the Court took the matter under advisement and soon thereafter entered an Order directing Plaintiffs' counsel to file a statement of the amount of costs and attorney's fees expended in the preparation and attendance of Plaintiffs and counsel at the May 18, 2022 settlement conference and the briefing associated with the Motion to Compel and

5

subsequent request for sanctions. *See* Docket Entry #324.[2]

**Analysis**

Federal Rule of Civil Procedure 26 states that "a party must, without awaiting a discovery request, provide to the other parties . . . for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). It is clear to this Court that under the plain language of Rule 26, the ACCO-SIG reinsurance policy should have been disclosed to Plaintiffs. Even though Defendant Bryant's counsel did not sign the Rule 26 initial disclosures, once he entered an appearance in the case (a mere four days after the filing of the initial disclosures),[3] he had a duty to timely supplement the disclosures under Rule 26(e), which this Court finds he did not do until after Plaintiffs filed their Motion to Compel on September 2, 2022.

Moreover, this Court finds that by failing to timely disclose the reinsurance policy, the May 18, 2022 settlement conference

---

[2] Plaintiffs filed an Application for Costs and Fees Per Court Order, which this Court construed as a Statement of Costs and Fees Pursuant to Court Order.

[3] The Court notes that Mr. Poe did not sign Defendant Bryant's Initial Disclosures (Docket Entry #61) which were filed with the Court on January 29, 2021. He entered an appearance in the case shortly thereafter on February 2, 2021 (Docket Entry #62).

before Magistrate Judge Robertson was compromised, as a representative for the reinsurance provider did not attend the settlement conference nor was Magistrate Robertson given the opportunity to determine whether the representative's presence was required. *See* Settlement Conference Order (Docket Entry #91) at ¶ 5, p. 2 ("Any insurance company that (1) is a party, (2) can assert that it is contractually entitled to indemnity or subrogation out of settlement proceeds, or (3) has received notice or a demand pursuant to an alleged contractual requirement that it defend or pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present at the conference."); *see also* LCvR 16.2(d) ("Other interested entities such as insurers or indemnitors shall attend [the settlement conference] and are subject to the provisions of this Rule. . . . [O]nly the settlement judge may excuse attendance of any attorney, party or party representative."). The record shows that no representative was present at the settlement conference for the reinsurer. *See* Docket Entry #264.[4] This Court therefore finds there were violations of Rule 26, the Court's Settlement Conference Order, and LCvR 16.2(d).

---

[4] The minutes entered after the settlement conference show that Defendant Bryant was present at the conference with his counsel, Mr. Poe, a representative of Carter County, and the ACCO-SIG insurance representative.

7

Based upon these violations, Plaintiffs seek an array of possible sanctions under Rule 37, including sanctions directly against Defendant Bryant under Rule 37(c)(1) - monetary sanctions, wavier of privilege and compelling production of all files related to the case, a show cause order, an order compelling Defendant Bryant to produce the notice of claim to the reinsurer, an entry of default against Defendant Bryant, the striking of unsupported assertions or discovery on those issues at Defendant Bryant's expense, an order that a notice be filed in all the cases subject to reinsurance for the last 10 years, and a referral to grievance and disciplinary bodies. This Court, however, finds that Rule 37(c)(1) sanctions against Defendant Bryant are not warranted in this case. There is no evidence that shows Defendant Bryant was in any way culpable for counsel's failure to timely disclose the reinsurance policy or for the reinsurer's lack of participation in the court-ordered settlement process. The Court also finds that the additional sanctions requested by Plaintiffs that directly affect the party are inappropriate.

Based upon the briefing and arguments of counsel at the hearing, this Court recommends that monetary sanctions in favor of Plaintiffs and against Defendant Bryant's counsel are warranted in this case. Under Rule 37(a)(5)(A), if a Motion to Compel for failing to make a disclosure under Rule 26(a) is granted or if the disclosure is made after the motion's filing, "the court must,

8

after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Such fees and costs must be awarded unless Plaintiffs did not make a "good faith" attempt to obtain the disclosure prior to filing the Motion, the nondisclosure was substantially justified, or other circumstances make such an award unjust. Here, the Court finds that Plaintiffs made a good faith effort to obtain a copy of the reinsurance policy from counsel prior to filing their Motion, and the failure to disclose the reinsurance policy was not substantially justified nor are there other circumstances making an award of fees and costs against counsel unjust, as Rule 26 specifically states that such a policy is subject to disclosure.

Moreover, this Court also finds that Plaintiffs are entitled to reasonable fees and costs associated with the continued briefing after Defendant Bryant's counsel disclosed the reinsurance policy, the fees and costs associated with the hearing, and the fees and costs attributed to Defendant Bryant from the settlement conference. Under LCvR 16.2(d), the "[f]ailure to attend the settlement conference or failure to cooperate fully may result in the imposition of sanctions in accordance with the [the Court's local rules] . . . and Fed. R. Civ. P. 16(f)." Rule 16(f) provides that "[o]n a motion or on its own, the court may issue any just

9

orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." The Court's local rules further provide that "[a]ny party who, in the Court's judgment, acts in bad faith *or impairs settlement proceedings*, may be subject to appropriate sanctions." (emphasis added). It continues that "[f]ailure to appear, or to participate in good faith in a settlement conference ordered by the Court, may result in any of the following sanctions[,]" including an "assessment of expenses and fees against a party, attorney individually, insurer or indemnitor, or combination thereof[.]" LCvR 16.2(l). Here, the Court finds that pursuant to the Settlement Conference Order and the Court's local rules, the reinsurer should have participated in the settlement conference. Because the reinsurer did not participate, it is difficult to measure the prejudice to Plaintiffs, but this Court finds that the reinsurer's absence most certainly impaired the settlement proceedings from Plaintiffs' standpoint, and the Court hereby recommends that sanctions against Defendant Bryant's counsel are appropriate for Plaintiffs' reasonable fees and costs associated with the settlement conference, the briefing before the Court, and the hearing.

When determining if attorney's fees and costs are reasonable, the Court may utilize affidavits, briefs, depositions, and its own knowledge and experience. *See Jones v. Eagle-North Hills Shopping Centre*, L.P., 478 F. Supp. 2d 1321, 1326 (E.D. Okla. 2007), citing

10

*National Assoc. of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1325 (D.C. Cir. 1982). It may also rely on its knowledge and experience when determining the appropriate number of hours for the requested relief. *See Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). In the statement filed by Plaintiffs' counsel, Plaintiffs seek $2,541.00 in costs and attorney's fees associated with the settlement conference and $17,975.00 associated with the briefing on the Motion to Compel, the subsequent request for sanctions, and the hearing. Plaintiffs assert that a reasonable hourly rate for counsel Spencer Bryan is $500.00 per hour and a reasonable hourly rate for Steven Terrill is $350.00 per hour. The $500.00 per hour rate is based on a stipulated rate approved by an Oklahoma district court, Mr. Bryan's specialty of practice, and his years of practice. Mr. Terrill's rate is based on specialty of practice and his years of practice.

In counsel's response to Plaintiffs' statement, he primarily challenges the reasonableness of the hourly rate for Plaintiffs' counsel, asserting that Mr. Bryan's rate was a stipulated fee in state court (the reasonableness of the fee was not challenged) and the specialty of practice for counsel is minimized since the matter before the Court is a mere discovery matter. Regarding any fees and costs associated with the settlement conference, Defendant Bryant's counsel asserts that because Defendant Bryant is one of

11

three groups of defendants in the case, to the extent Plaintiffs recover fees and costs associated with the settlement conference, they are only entitled to recover one third of the total amount.

Based upon a review of Plaintiffs' statement of fees and costs, the parties' briefing and argument at hearing, and the results ultimately achieved by Plaintiffs, this Court recommends that a reasonable hourly rate for Mr. Bryan is $350.00 per hour and a reasonable hourly rate for Mr. Terrill is $300.00 per hour. The Court bases the hourly rate on what has been found reasonable in this Court in the recent past. *See, e.g., Singh v. ABF Freight System, Inc.*, 2021 WL 3666273, at *3 (E.D. Okla., Aug. 18, 2021) (finding the reasonable hourly rate on a motion to compel was $350.00 per hour). Moreover, the Court finds that the 38.2 hours of time expended on the Motion to Compel, the subsequent research and briefing on sanctions, and the hearing before the Court was reasonable at the above hourly rates, for a total amount of attorney's fees and costs of $12,995.00. Further, the Court recommends that Plaintiffs are only entitled to recover one-third of the fees and costs associated with the settlement conference, which totals $753.66. The Court hereby recommends that Plaintiffs be awarded reasonable fees and costs in the total amount of $13,748.66 against counsel for Defendant Bryant.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Plaintiffs' Motion to Compel (Docket Entry #36) be **GRANTED**, and

that Plaintiffs be awarded a total of $13,748.66 for the reasonable fees and costs associated with the filing of the Motion and as a result of the failure by Defendant Bryant's counsel to timely disclose the reinsurance policy and the failure to comply with the Court's Settlement Conference Order and the Court's local rules. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

    DATED this 25th day of April, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE