IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA LAKEY and DOUGLAS LAKEY, as co-Special Administrators for the Estate of Jared Lakey,<br><br>*Plaintiffs*,<br><br>v.<br><br>1. CITY OF WILSON,<br>2. JOSHUA TAYLOR, in his official and individual capacities,<br>3. BRANDON DINGMAN, in his individual capacity,<br>4. CHRIS BRYANT, in his official and individual capacities as Sheriff of Carter County,<br>5. DAVID DUGGAN, in his individual capacity,<br>6. LONE GROVE,<br>7. TERRY MILLER, in his individual capacity, and<br>8. KEVIN COOLEY, in his official and individual capacities,<br><br>*Defendants*. | Case No. CIV-20-152-RAW |

## **ORDER**

This matter comes before the court upon Plaintiff's Motion for Spoliation Sanctions Against Chris Bryant in his Individual and Official Capacities. [Docket No. 336]. Plaintiff, Estate of Jared Lakey, seeks spoliation sanctions including any one or combination of the following: (1) a mandatory adverse inference, with the Estate to provide proposed language; (2) an evidentiary sanction precluding Bryant from contesting that Duggan acted consistent with official CCSO policy, while allowing the estate to introduce, Bryant's contradictory testimony; (3) a rebuttable adverse inference with proposed language provided by the estate; (4) an order waiving privilege related to communications between Bryant and litigation counsel both before

1

and after the destruction; (5) an order precluding Bryant from asserting the defense of qualified immunity in his individual capacity; (6) referral of Bryant's conduct to the Office of the U.S. Attorney for the Eastern District of Oklahoma; (7) an order awarding Estate's costs and fees throughout the litigation regardless of the outcome; (8) an order awarding Estate's costs and reasonable attorney fees for obtaining the relief requested; (9) Default judgment; and (10) any sanction the court deems just.

## FACTS

The present motion for spoliation sanctions concerns an iPhone 6 belonging to defendant Chris Bryant ("Bryant"). Defendant Bryant was the supervisor over Deputy Duggan both before and after the events giving rise to this litigation. Defendant Bryant used this phone on the on night of July 4 and early morning of July 5, 2019 and continued to use it to conduct both personal and professional business until late January 2020 when it was run over by a car. Later, the phone was sent to his carrier AT&T after the company sent him a replacement. The plaintiff served a records preservation letter on July 19, 2019 to defendant requiring the retention of all electronically stored information (ESI) related to the incident including data on cellphones. Additionally, plaintiff served the Carter County Sheriff's Office ("CCSO") with a notice pursuant to the Oklahoma Governmental Tort Claims Act ("OGTCA") on August 30, 2019. The present lawsuit was filed on May 26, 2020.

Apparently, this phone was not backed up to any cloud storage prior to its destruction. Bryant also did not back up the phone before sending it to AT&T, and the data it contained is now lost. Defendant's text logs reveal that he sent three texts to Deputy Mitchell on the morning of July 5, 2019 and that he received a message from Deputy Mitchell during that same time frame [Docket No. 357 at 2]. During that time Deputy Mitchell was accompanying defendant Duggan to the

hospital for drug testing after the incident with Lakey. Plaintiff argues that the text messages exchanged with Mitchell could contain evidence showing that Bryant approved of Duggan's conduct during his interactions with Jared Lakey. Plaintiff's main basis for inferring that Bryant is not truthfully stating that Duggan's conduct violated policy are texts sent by officer Duggan in July 2020 stating that "Chris doesn't agree with [the resignation] and "Chris has been behind me...". Bryant testified in his deposition that, in his opinion, Duggan's conduct during the Lakey arrest violated CCSO policy and Duggan's force was unreasonable. Bryant also placed Duggan on leave following the incident and referred the case to the OSBI. The record in this case shows that the plaintiff already has call logs and text message logs from the Defendant and has some of the text messages that were sent from the phone prior to its destruction. [Docket no. 357 p. 3-4]. Notably, Plaintiff has possession of Deputy Duggan's text messages to and from defendant Bryant discussing the incident. *See* Id.

## ANALYSIS

Federal courts have inherent powers to manage their own affairs and to impose appropriate sanctions, including sanctions for spoliation of evidence. *Jordan F. Miller Corp.* v. *Mid-Continent Aircraft Service, Inc.*, 1998 WL 68879, No. 97-5089 (10th Cir. Feb. 20, 1998). Spoliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew or should have knowns that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence. *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). The court's discretion to choose a sanction is limited in that the chosen sanction must be both just and related to the claim which is at issue. *Ehrenhaus* v. *Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citations omitted).

The Federal Rules of Civil Procedure also provides for sanctions where a party fails to take reasonable steps to preserve electronically stored information that should have been preserved in anticipation of litigation or during litigation when such information is not recoverable through additional discovery. Fed. R. Civ. P. 37(e). If a court finds that the party acted "with intend to deprive the other party of the information's use", the court may impose sanctions permitting a jury to "(A) presume that the lost information was unfavorable to the party; [or] (B) instruct the jury that it may or must presume the information was unfavorable to the party; or … (C) enter default judgment" Fed. R. Civ. P. 37 (e)(2). Notably, the rule also states that the sanctions may be no greater than necessary to cure the prejudice unless the party acted with the intent to deprive another party of the information's use in litigation.

### A.   DEFENDANT BRYANT HAD A DUTY TO PRESERVE THE CELL PHONE DATA.

In the present case, defendant Bryant had a duty to preserve the cell phone. Defendant does not dispute that he received the July 19, 2019 preservation letter and admits that he communicated with Deputies Duggan and Mitchell on the subject phone after the incident. Bryant, having been warned of the potential for litigation, should have known that the device he used to contact his employee who was directly involved in the incident might be relevant to that litigation. Courts have acknowledged that a party is obligated to retain information reasonably likely to be relevant to anticipated or ongoing litigation. *Jones v. Norton*, 809 F.3d 564, 580 (10th Cir. 2015). Thus, because Bryant was aware of the potential for litigation following the preservation letter and the notice to CCSO, and it was reasonably likely that the phone he used the night of the incident contained relevant information, Deputy Bryant had a duty to preserve the phone.

### B.   PLAINTIFF WAS NOT PREJUDICED BY THE LOSS OF THE IPHONE DATA.

The moving party has the burden to show it was prejudiced by a defendant's actions, not merely that there is some theoretical prejudice. *Turner* v. *Pub. Serv. Co. of Colo.*, 563 F.3d1149, 1150 (10th Cir. 2009) ("[T]here is no evidence that Turner was 'rather than merely theoretically' prejudiced by their loss."). When considering whether the spoliation was prejudicial, a court must first determine whether the evidence "would be relevant to an issue at trial." *Cache La Poudre Feeds, LLC* v. *Land O'Lakes, Inc.*, 244 F.R.D. 614, 621 (D. Colo. 2007). Relevance in this context means not only that the "evidence has any tendency to make the existence of any fact that is of consequence to the action more probable or less probable" but also that it would be favorable to the movants case. *See* Fed. R. Evid. 401; *Gates Rubber Co.* v. *Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 104 (D. Colo. 1996). Instead, "[t]he burden is on the aggrieved party to establish "a reasonable possibility, based on concrete evidence rather than a fertile imagination that access to the [lost material] would have produced evidence favorable to [her] cause." *Id.* (citations omitted).

Defendant Bryant's texts with Mitchell[1] could be relevant as they may reflect his thoughts on Duggan's conduct immediately after the incident with Mr. Lakey. [Docket No. 357 at 2.] Plaintiff, however, does not provide any evidence that these texts or other data on the phone would be favorable to its case. The estate merely speculates that the phone contains evidence of Bryant's secret approval of Duggan's actions. Therefore, for the purposes of sanctions, the relevance of the phone's missing data to the plaintiff's case is merely speculative. Thus, plaintiff failed to demonstrate that it was prejudiced by the destruction of the phone. Furthermore, even if plaintiff was prejudiced, because Bryant did not destroy the phone data in bad faith, sanctions are not warranted.

---

[1] Apparently, Mitchell also discarded the device he was using at the time and no longer has access to the data stored in it. Therefore, these messages cannot be obtained simply by pulling them from Mitchell's phone. [Docket No. 336 at 2-3].

### C. BECAUSE THE DEFENDANT DID NOT DESTROY THE PHONE IN BAD FAITH OR WITH AN INTENT TO DEPRIVE THE PLAINTIFF, SANCTIONS ARE NOT WARRANTED.

The record shows that the that defendant did not act in bad faith or intended to deprive the plaintiff of the data on the phone, accordingly sanctions are not warranted. If "the aggrieved party seeks an adverse inference to remedy the spoliation, it must also prove bad faith". *Equal Emp. Opportunity Comm'n* v. *JetStream Ground Servs., Inc.*, 878 F.3d 960, 965 (10th Cir. 2017); *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 49 (1991); *Jones* v. *Norton*, 809 F. 3d 564 580 (10th Cir. 2015) ("The entry of default judgment or the imposition of adverse inferences require a showing of bad faith. Mere negligence in losing or destroying evidence is not enough to support imposition of either of these harsh sanctions.") (internal quotations omitted) (citations omitted). *See also*, Fed. R. Civ. P. 37 (e) (2) (providing for sanctions of adverse inference and default judgment "only upon a finding that the party acted with the intent to deprive"). Plaintiff's request for fees also requires a finding of bad faith. The Supreme Court has held that, "narrow exceptions to the American Rule effectively limit a court's inherent power to impose attorney fees as a sanction to cases in which a litigant has engaged in bad-faith conduct." *Chambers*, 501 U.S. at 47, 111 S.Ct. 2123.

In the present case, Defendant Bryant handled the iPhone 6 at issue negligently, but the record does not show that he acted in bad faith or with an intent to deprive. Defendant Bryant's phone was rendered unusable when it was run over after he inadvertently dropped it in the road [Docket No. 357 at 3]. It is unclear the data on the phone would have been recoverable after it was crushed. Nevertheless, upon receiving the preservation notice and the notice pursuant to the GTCA, the defendant should have taken more care to ensure the data on the phone was backed up especially before sending it back to AT&T. Nevertheless, "[m]ere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case". *Aramburu* v. *Boeing Co.,* 112 F.3d 1398, 1407 (10th Cir. 1997). Here, Bryant intended

to keep the phone and only lost it because it was accidentally destroyed. While his failure to back up the phone after being notified of the potential for litigation was negligent, he clearly did not destroy the phone or the data on it in bad faith nor did he intend to deprive the plaintiff of the phone's contents. Thus, sanctions, particularly severe sanctions such as default judgment or an adverse inference, are not warranted in this case.

Additionally, Plaintiff requests that this court refer the matter for prosecution to the U.S. Attorney's Office for the Eastern District of Oklahoma pursuant to 18 U.S.C. § 1512 (C). This statute provides for criminal fine or imprisonment for individuals who destroy or conceal documents, or other objects "in an intent to impair the object's integrity or availability for use in an official proceeding". As discussed above in detail, there is no evidence in the record that the phone or the data on it was discarded with the intent to hinder an investigation or the present case. Thus, referral for prosecution would be inappropriate.

## CONCLUSION

Given the lack of prejudice posed by the unavailability of phone and the lack of bad faith or intentional destruction of evidence, this Court does not find that sanctions are appropriate. Accordingly, Plaintiff's Motion for Spoliation Sanctions Against Chris Bryant in his Individual and Official Capacities [Docket No. 336] is hereby DENIED.

Dated this 18th day of October, 2023.

/s/ Ronald A. White
Ronald A. White
United States District Judge
Eastern District of Oklahoma