IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA LAKEY and DOUGLAS LAKEY, as co-Special Administrators for the Estate of Jared Lakey,<br><br>*Plaintiffs*,<br><br>v.<br><br>1. CITY OF WILSON,<br>2. JOSHUA TAYLOR, in his official and individual capacities,<br>3. BRANDON DINGMAN, in his individual capacity,<br>4. CHRIS BRYANT, in his official and individual capacities as Sheriff of Carter County,<br>5. DAVID DUGGAN, in his individual capacity,<br>6. LONE GROVE,<br>7. TERRY MILLER, in his individual capacity, and<br>8. KEVIN COOLEY, in his official and individual capacities,<br><br>*Defendants*. | Case No. CIV-20-152-RAW |

**ORDER**

Before the Court is Docket No. 354 Plaintiff's Motion to Limit or Exclude the Opinions of Dr. Robert Bux.[1]

---

[1] The Motion was inadvertently filed with the title "Plaintiff's Motion for Spoliation Sanctions Against Chris Bryant in his Individual and Official Capacities".

1

Dr. Bux is a board certified forensic pathologist with decades of experience in clinical pathology and emergency medicine as well as significant research and consulting experience in the field. [Docket No. 254-1 pp. 8-19]. Defendants Lone Grove and Miller hired Dr. Bux to provide an expert opinion on Jared Lakey's cause of death.

Pursuant to Rule 702 and *Daubert* expert testimony must be reliable, relevant, and helpful to the trier of fact to be admissible. *Daubert* v. *Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 593-94 (1993); Fed. R. Evid. 702. The gatekeeping function of the court set forth in Daubert applies not only to scientific knowledge, but also to "technical" or "other specialized knowledge." *Kumho Tire Co*. v. *Carmichael*, 526 U.S. 137, 149, 119 S. Ct. 1167, 1175, 143 L. Ed. 2d 238 (1999). When an expert relies primarily on his experience to satisfy the reliability prong, the witness "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's notes. Courts should exclude an expert's testimony if they conclude "that there is simply too great an analytical gap between the data and the opinion proffered" by the expert. *Gen. Elec. Co*. v. *Joiner*, 522 U.S. 136, 140 (1997).

The Plaintiff objects to Dr. Bux's opinions regarding Jared Lakey's chronic alcohol use, heavy alcohol use prior to the incident, use of illegal stimulants, breathing, and his opinions on the officer's CPR. [Docket No. 354]. Plaintiff does not challenge Dr. Bux's qualifications as a medical expert. Instead, Plaintiff argues that Dr. Bux's opinions are unreliable because he uncritically relies on biased information and does not take the unreliability of this information into account when explaining his methodology. [Docket No. 354 at p. 15].

Plaintiff objects to Opinion 2 and Opinion 5 wherein Dr. Bux explains that Jared Lakey's behavior could be due to PCP use and that had an enlarged heart that was caused, in part, by

2

chronic alcohol use, hypertension, and obesity. Dr. Bux's opinion is based on his medical knowledge and Mr. Lakey's medical history and witness testimony. [Docket No. 254-1 pp. 2-7]. Plaintiff also objects Dr. Bux's last two opinions that Jared was breathing during the recorded video and that CPR was reasonable and timely. *Id*. at p. 7. Plaintiff argues that each opinion is flawed because Dr. Bux references only unreliable information that supports the Defendant's version of events and that he "failed to seriously evaluate the video and never reviewed any deposition testimony". [Docket No. 354 at p. 20].

Plaintiff's assertion that Dr. Bux failed to review deposition testimony is incorrect. Dr. Bux states that he reviewed the depositions of David Duggan, Kody Helms, and Terry Miller as well as the body cam footage, the OSBI investigation report, transcripts from Dingman and Taylor's criminal trial, and Mr. Lakey's medical records. [Docket No. 254-1 at p. 1]. Furthermore, the Plaintiff's arguments against each of Dr. Bux's opinions is essentially that this expert's methodology is flawed because his medical opinions are based on unreliable factual assumptions. We disagree. While an expert must base his opinion on "reasonably accurate facts as opposed to conjecture or speculation … absolute certainty is not required" and the weaknesses of various assumptions in the expert testimony should go to the weight of the opinion and not the admissibility. *Gomez* v. *Martin Marietta Corp*., 50 F.3d 1511, 1519 (10th Cir. 1995) citing *Jones* v. *Otis Elevator Co*., 861 F.2d 655, 662 (11th Cir.1988). To the extent that the Plaintiff objects to the factual underpinnings of Dr. Bux's opinions, that critique goes to the weight of the opinion, and not admissibility. It is therefore an issue better explored through cross examination.

Additionally with respect to Opinion 8, we disagree with Plaintiff's argument that Dr. Bux's opinion is beyond the scope of his expertise as a pathologist. In Opinion 8, Dr. Bux states that "there is no indication that Officer Miller Applied significant force to his shoulder or his neck

3

that would have resulted in significant respiratory impairment and lead to positional asphyxia". [Docket No. 254-1 p.7]. Importantly, Dr. Bux does not opine on the propriety of the amount of force used. Instead, he confines his opinion to whether the records he reviewed had any medical indications that Officer Miller applied significant pressure on Mr. Lakey's back. Because he does not impermissibly attempt to opine on police practices, we find that his opinion should not be excluded.

Plaintiff's Motion to Limit or Exclude the Opinions of Dr. Robert Bux Docket No. 354 is hereby DENIED.

IT IS SO ORDERED this 21st day of February, 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE