IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CYNTHIA LAKEY and DOUGLAS
LAKEY, as co-Special Administrators for the
Estate of Jared Lakey,

    *Plaintiffs*,

v.

CITY OF WILSON, *et al.*

    *Defendants.*

Case No. CIV-20-152-RAW

# ORDER

    This action arises from the attempted arrest and eventual death of Jared Lakey on July 4-5, 2019. The Court previously denied the motion for summary judgment filed by Sheriff Chris Bryant ("Sheriff Bryant"). Now before the court is Sheriff Bryant's motion pursuant to Fed. R. Civ. P. 59(e) to reconsider and alter or amend the court's Order denying his summary judgment motion as to the 42 U.S.C. § 1983 excessive force, failure to train, and a violation of the Oklahoma Governmental Tort Claims Act ("OGTCA") [Docket No. 435].

    The Tenth Circuit has stated that a motion to reconsider is warranted where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Under the third prong, relief is appropriate pursuant to Rule 59(e) only where "the court has misapprehended the facts, the party's position, or the controlling law."

1

*Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete*, 204 F.3d at 1012).

A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. A Rule 59(e) motion "is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *United States v. Springer*, No. 08-CV-278-TCK-PJC, 2020 WL 983084, at *1 (N.D. Okla. Jan. 28, 2020) (quoting *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009)).

Sheriff Bryant does not assert that there has been an intervening change in the controlling law or that there is new evidence previously unavailable. Instead, he argues that there is a need to correct clear error or prevent manifest injustice. Defendant Bryant argues that there is no competent evidence to support that the Sheriff's policies caused the decedent's harm; that there is no competent evidence to support that Sheriff Bryant knew of and disregarded a substantial risk of inadequate training; and argues that as a matter of law, Deputy Duggan was within the scope of his employment thereby entitling Sheriff Bryant to immunity under the Oklahoma Governmental Tort Claims Act.  Docket No. 435 at 1-6, 10.

First, Sheriff Bryant reiterates his summary judgment argument that there is no competent evidence to support the contention that his policies caused the Decedent's harm. The motion to reconsider this argument is not appropriate. The Defendant points to the fact that Deputy Duggan had county-wide jurisdiction, but this is not relevant and does not change the fact that the mutual aid policy required Deputy Duggan to respond and help the Lone Grove Deputies, and therefore put him in a situation where he felt excessive force was necessary. Dkt. No. 406-30, Duggan Deposition, pp. 330:4-333:18; Dkt 406-31, Bryant Deposition, pp. 126: 16-130:9. Additionally,

the Defendant contends that the Court took Sheriff Bryant's statements about his prior knowledge that the two Lone Grove deputies had a reputation for not aiding his deputies out of context. This Court is aware of the context in which the statements were made as it has access to the transcript of Sheriff Bryant's deposition. *See* Dkt 406-31, pp. 126: 16-130:9. Sheriff Bryant's testimony regarding the mutual aid policy, his prior knowledge of the two Lone Grove deputies' reputation, and Sheriff Bryant's failure to address these concerns, combined with Deputy Duggan's testimony regarding his reasons for using the LVNR taken together constitute sufficient evidence to defeat summary judgment. Therefore, Defendant's motion to reconsider as to this claim is denied.

Second, Defendant contends that there is no competent evidence to support a §1983 claim on a failure to train theory. Dkt. No. 435 at 6. Again, the Defendant argues that this Court should simply ignore the evidence in the record that Sheriff Bryant failed to train his deputies how to mitigate the known risks of the mutual aid policy. *See* Dkt. 406-31, pp. 126: 16-130:9.  Defendant contends that the fact that Duggan was trained to make "his own assessments based on what he actually saw at the scene" and that he independently assessed the scene when he arrived "provides proof of the guidance and training that the court says was necessary but lacking". Dkt. No. 425 at 8. This "training" is not relevant. Deputy Duggan assessed the scene and determined that the best course of action, for him, given the known reputation of the two Lone Grove officers was to deploy the LVNR. Thus, Deputy Duggan's decision led to one of the uses of force that the Plaintiff now alleges violated Mr. Lakey's rights. Defendant does not point to any evidence suggesting that Duggan was trained in managing situations such as this one without resorting to excessive force. Thus, Sheriff Bryant's motion for reconsideration on the failure to train claim is denied.

Finally, Defendant argues that this Court misinterpreted the definition of scope of employment under the OGTCA and erroneously denied the Defendant summary judgment as to

this claim. Dkt. No. 435 at 9. Sheriff Bryant argues that Deputy Duggan violated county policy when he used the LVNR on Mr. Lakey. Therefore, Deputy Duggan could "not have been perform[ing] 'in good faith within the duties of the employee's office'". Dkt. No. 435 at p. 10 citing Okla. Stat tit. 51, § 153 (A). As Plaintiff points out, Oklahoma courts interpreting the OGTCA have held that "for an officer to be outside the scope of the employment for a lack of good faith there must be acts that clearly show malice or bad faith." Dkt. No. 440 at 13 citing *Gowens* v. *Barstow*, 364 P.3d 644, 652 (Okla. 2015). Defendant ignores that there are issues of fact remaining as to whether Deputy Duggan's use of the LVNR was a violation of policy. Even if it were undisputed that Deputy Duggan violated policy, Defendant does not point to any case law suggesting that a mere policy violation necessarily takes an officer outside the scope of his employment. His motion is therefore denied as to the OGTCA claim.

Sheriff Bryant's Motion to Reconsider and Alter or Amend the Portion of its Order Denying his Summary Judgment motion as to the 42 U.S.C. § 1983 excessive force, failure to train, and a violation of the Oklahoma Governmental Tort Claims Act [Docket No. 435] is hereby DENIED.

**IT IS SO ORDERED** this 28th day of August 2024.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**