## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA LAKEY and DOUGLAS LAKEY, as co-Special Administrators for the Estate of Jared Lakey,<br><br>　　*Plaintiffs*,<br><br>v.<br><br>1. JOSHUA TAYLOR, in his official and individual capacities,<br>2. BRANDON DINGMAN, in his individual capacity,<br>3. CHRIS BRYANT, in his official capacity as Sheriff of Carter County,<br>4. CITY OF LONE GROVE,<br><br>　　*Defendants*. | Case No. CIV-20-152-RAW |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LONE GROVE'S MOTION IN LIMINE

This matter comes before the Court on Defendant City of Lone Grove's Omnibus Motion in Limine and Brief in Support, Dkt. No. 474. For the reasons set forth below, the Court finds that the Motion is GRANTED in part and DENIED in part.

First, the Court notes that Defendant did not comply with LCvR 7.1(f). The Local Rules require, "[w]ith respect to all non-dispositive motions or objections (including all discovery matters and motions in limine), the Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." LCvR 7.1(f). The Defendant does not indicate whether there was an attempt made to comply with local Rule 7.1 (f). In the interest of efficiency, the Court will address the

1

present motion anyway, but the parties should note that future failure to comply with LCvR7.1 (f) may result in the pleading being stricken or denied consideration.

Motions in limine are permitted under the Federal Rules of Evidence to allow the Court to decide evidentiary issues in advance of trial, avoid delay, ensure fairness, and narrow down the evidentiary issues. *Mendelsohn* v. *Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008), aff'd, 402 F. App'x 337 (10th Cir. 2010). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones* v. *Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); see also *Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds ... [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.")

Additionally, "[c]ourts look with disfavor on motions in limine 'the gist of which is that the opposing party should be required to comply with the rules of evidence ... without identifying specific evidence which there is reason to believe may be introduced.'" *Kimzey* v. *Diversified Servs., Inc*., 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017) (quoting *Graham* v. *Union Pacific R.R. Co*., 2008 WL 4643292, at *1 (E.D. Ark. Oct. 17, 2008)) (denying a "purely generic" motion in limine); *Walsh* v. *United States*, 2009 WL 3755553, at *2 (N.D. Okla. Mar. 31, 2009) ("A court is within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity. Motions in limine which exclude broad categories of evidence should rarely be granted. The better practice is to address the issues of admissibility as they arise.").

Defendant Lone Grove sets forth sixteen (16) motions in limine. *See* Dkt. No. 474 at p. 4.

I.    "Reference to Terry Miller's alleged negligent administration of medical aid or Lone Grove's alleged failure to train regarding the administration of medical aid." This motion is DENIED. Whether Officer Miller violated Mr. Lakey's rights and whether the policies or practices of the City were a moving force behind the violation are both still questions at issue in this case. Therefore, evidence regarding the propriety of Officer Miller's conduct will not be categorically excluded.

II.   "Deposition testimony designated by plaintiffs from witnesses available for trial". This motion is DENIED insofar as it is anticipated that witnesses will be available for trial and this issue is moot.

III.  "Medical opinions from lay witnesses". This motion is DENIED insofar as it is a nonspecific boilerplate motion that simply requests that the Court require the parties to follow the Federal Rules of Evidence.

IV.   "Other opinion testimony from lay witnesses". This motion is DENIED as it is a nonspecific boilerplate motion that simply requests that the Court require the parties to follow the Federal Rules of Evidence but fails to describe the testimony or evidence the Defendant seeks to exclude.

V.    "Evidence regarding other unrelated incidents and civil rights lawsuits". Defendant Lone Grove incorporates by reference Sheriff Bryant's Motion in Limine and Brief in Support on this issue. Dkt. No. 476. Neither motion explains what specific instances of police conduct they would like to exclude. Instead, both Defendants simply seek to exclude a broad category of evidence, which is a disfavored outcome. Accordingly, because it is unclear what specific evidence the Defendant seeks to exclude, the motion is DENIED.

3

VI.    References to the Golden Rule. Plaintiff does not object to this motion (*See* Dkt. No. 480 at p.8) and it is therefore GRANTED.

VII.    Using the verdict to "send a message". Plaintiff does not object and therefore the motion is GRANTED.

VIII.    References to Lone Grove's alleged moral and ethical obligations. This motion is GRANTED pursuant to Rule 403.

IX.    Community conscience arguments. To the extent such arguments would improperly incite a jury, the Motion is GRANTED.

X.    "Reference to the Defendants' failure to call witnesses or introduce evidence". This request is DENIED as it is unclear from the present motion whether the evidence is inadmissible on all potential grounds.

XI.    "Refence to insurance". Pursuant to Federal Rule of Evidence 411, the Request is GRANTED.

XII.    "Any witness or exhibit not listed on the Pre-Trial Order". This motion is GRANTED without prejudice as the circumstances of trial may permit the admission of evidence outside of the Pre-Trial Order.

XIII.    "Evidence not produced or identified". This motion is DENIED without prejudice as the court may reconsider the admission of such evidence, if necessary, in the context of the trial.

XIV.    Evidence not subject to discovery. This motion is GRANTED to the extent such evidence would violate the Federal Rules of Evidence.

XV.    "Opinion of Counsel". This request is DENIED without prejudice as certain statements of opinions from the attorneys are admissible.

4

XVI.   "Arguments not based on admitted evidence". The Court will DEFER ruling on this particular motion until and unless the issue becomes relevant at trial.

As to all of the evidence and arguments offered by the parties, the Court notes that it will prohibit any arguments and exclude any evidence that would violate the Federal Rules of Evidence and permit those that comply with the rules.  Therefore, Defendant Lone Grove's Omnibus Motion in Limine and Brief in Support [Dkt. No. 474] is hereby DENIED in part and GRANTED in part.

IT IS SO ORDERED this 20th day of March, 2025.

Ronald A. White
United States District Judge
Eastern District of Oklahoma